**Jack C. VAUGHAN,**

v.

**CITY BANK & TRUST COMPANY, NATCHEZ, MISS.**

No. 15163.

United States Court of Appeals. Fifth Circuit.

Jan. 28, 1955.

Rehearing Denied March 17, 1955.

Jack C. Vaughan, in pro. per.

R. Brent Forman, Natchez, Miss., for appellee.

Before HUTCHESON, Chief Judge, BORAH, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

Acting for and representing himself, plaintiff brought this suit, to recover of defendant $10,416.95 which plaintiff paid it and $250,000.00 as damages for defendant's having wrongfully caused to be published a notice of trustee's sale of property on which plaintiff had given a deed of trust, and to cancel and set aside said deed of trust.

The proceedings set out below [1] fol-

---

1. The original bill of complaint was filed in the district court on March 20, 1953, and on April 17, plaintiff filed a motion for summary judgment.

Thereafter on Sept. 17, 1953, the district judge, by letter, advised the parties that it was his intention to overrule the motion for summary judgment, and on

lowed, and plaintiff on June 9, 1954, giving notice of appeal "from the following orders of this court in this cause, to-wit, order of Nov. 20, 1953 * * * and (2) final order of May 17, 1954, dismissing the action" is here seeking their reversal.

The appellee moves to dismiss the appeal from both orders. As to the order of Nov. 20, 1953, which overruled the motion to reconsider the order of Oct. 19, 1953, overruling plaintiff's motion for summary judgment, he insists that it was not a final order and therefore was unappealable, as was the order of Oct. 19th itself. He further insists that if the order of November 20th was appealable, the appeal was not filed in time.

In support of his motion to dismiss the appeal as to the order of May 17, 1954, pointing out that this order was entered at the request of plaintiff, and citing many cases in support,[2] he insists that it is a voluntary dismissal and, being therefore a consent decree, it is not an order from which plaintiff can appeal.

■ As to the order of November 20, 1953, we agree with appellee that, for the reasons put forward by it, the order was not an appealable one, and the attempted appeal from it must be dismissed.

As to the dismissal order of May 17, 1954, however, while we are of the clear opinion that it was entered properly and advisedly and no error requiring its reversal has been made to appear, we are also of the opinion that the order was a final and appealable one, and the motion to dismiss the appeal from it must be, and it is, denied.

■ It is true that upon its face the dismissal of the action appears to have been voluntary rather than involuntary, an order invited and consented to rather than one entered in invitum. The record taken as a whole, however, shows plainly that appellant took the course he did not for the purpose and with the intent of voluntarily discontinuing his action, but to obtain an involuntary dismissal within the rule of Ruff v. Gay, 5 Cir., 67 F.2d 684 and Weeks v. Fidelity & Cas. Co., 5 Cir., 218 F.2d 503, and that the order was in reality, and should be regarded as, an involuntary dismissal for want of prosecution and therefore a final judgment from which plaintiff could appeal. Cf. Milton v. U. S., 5 Cir., 120 F.2d 794, 795; Cybur Lbr. Co. v. Eckhard, 5 Cir., 247 F. 284; Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460.

When it comes, however, to appellant's position, that he was entitled to a summary judgment on his pleadings, and could and would stand on them and refuse further to prosecute his suit and the court erred in dismissing it, the matter stands quite differently.

■ It is perfectly clear, we think, that there is no merit in plaintiff's position and that the court did not err in dismissing his suit for want of prosecution. Putting to one side, therefore, appellee's claim that the court

---

Sept. 25, 1953, plaintiff filed a motion to reconsider the motion for summary judgment.

On October 5, 1953, the answer of defendant was filed, and on October 13, 1953, a motion was filed by plaintiff to strike the defendant's answer.

On Oct. 19, 1953, the order overruling the motion for summary judgment was filed.

On November 20, 1953, an Order was issued overruling the plaintiff's motion to reconsider the summary judgment, and also overruling the plaintiff's motion to strike the defendant's answer.

On May 12, 1954, an instrument was filed by plaintiff stating that he did not intend to take any further steps in the prosecution of his cause and asking that the cause be dismissed.

On May 17, 1954, an order of dismissal was entered by the court in response to plaintiff's request.

2. Capella v. Zurich General Acc. Lib. Ins. Co., 5 Cir., 194 F.2d 558; Smails v. O'Omalley, 8 Cir., 127 F.2d 410; Lake City, Nettleton & Bay Road v. Luehrmann, 8 Cir., 113 F.2d 458; Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460; U. S. v. Babbitt, 104 U.S. 767, 26 L.Ed. 921.

should have dismissed the action for the failure of plaintiff's complaint to state a claim, though it is difficult to find in it any legal basis for his demands, we think it quite clear beyond any question that there was no basis whatever for his claim that he was entitled on his pleadings to a summary judgment, and the district judge erred in not rendering such a judgment in his favor. On this record the court had no alternative to dismissing his suit.

The judgment was right. It is affirmed.