Jack C. VAUGHAN,

v.

The FIRST NATIONAL BANK OF GREENVILLE, MISSISSIPPI, and J. W. King.

No. 14921.

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1955.

Rehearing Denied March 17, 1955.

Jack C. Vaughan, in pro. per.

R. V. Kimble, Jr., W. C. Keady, Greenville, Miss., Farish, Keady & Campbell, Greenville, Miss., of counsel, for appellees.

Before HUTCHESON, Chief Judge, BORAH, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

On June 1, 1953, plaintiff, suing on his own behalf and alleging himself to be a citizen of the State of Louisiana, and that defendants were citizens of Mississippi, brought this suit to recover of each and both defendants $183,-542.55, alleged to have been lost by him

as a result of their fraudulent and negligent conduct as his agents in connection with the handling of certain farm lands in Chicot County, Arkansas, which appellant held under lease with an option to purchase.

Thereafter, motions were filed thick and fast,[1] and plaintiff's appeal is from orders entered on two of them. The first of these is the order of Nov. 19th, entered on King's motion filed July 21st, to dismiss the action as to him. The second is the order of March 6, 1954,[2] entered on the bank's motion to dismiss the suit for plaintiff's failure to furnish security for costs.

Here, complaining of the November 19th order, to the extent that the order was based upon the finding that the Adams County decree "is res judicata as to all matters complained of as against King", that the hearing was had and the judgment entered without notice to him, without adequate pleading and proof to support it, and without any basis in law or in fact, appellant insists that the judgment of dismissal was erroneous and may not stand.

His complaints of the order dismissing the cause as to the bank are: (1) that he had no notice of the order of November 24, 1953, requiring him to give security for costs until Dec. 3, 1953; and (2) that, on December 8th, he filed notice of his election to stand upon his pleadings and moved the court to dismiss the cause as to the bank in order that he might appeal. Based on these complaints, he insists that the court erred when, on March 6, 1954, instead of dismissing the action on plaintiff's motion, it dismissed it on the bank's motion for security for costs.

■ We agree with appellant that the record affords no basis for the con-

**I.** These were:

(1) a motion for security for costs supported by affidavit filed July 8th by the bank and July 9th by King;

(2) a motion to dismiss on the grounds that, as shown by the attached decree rendered June 15, 1953, in the Chancery Court of Adams County, Miss., in cause No. 14362, J. W. King vs. Jack C. Vaughan, (a) that plaintiff was a citizen of Mississippi and the requisite diversity of citizenship was therefore lacking; and (b) the complaint failed to state a claim entitling plaintiff to relief filed July 18th by the bank and July 21st by King;

(3) a motion filed by plaintiff July 27, 1953, to disregard the effect of the unjust decree relied on by defendants;

(4) a motion for summary judgment on the complaint and the affidavit of plaintiff with exhibits attached;

(5) a motion filed by plaintiff Dec. 8, 1953, for an extension of time to appeal from an order entered Nov. 19th, dismissing on King's motion plaintiff's suit as to him;

(6) a motion supported by his affidavit filed by plaintiff on Dec. 8, 1953, after receiving notice of the orders of Nov. 19th, dismissing the action against King and of the order of Nov. 24, 1953, respectively, requiring security for costs, in and by which plaintiff declared the election to stand upon the pleadings filed by him and suffer judgment of dismissal as to the defendant First National Bank in order to present for review by the appellate courts the proceedings in this cause and moved the court to direct the entry of an order dismissing the cause as to the bank.

**2.** "This cause having come on to be heard upon the motion of The First National Bank of Greenville to dismiss the complaint herein of Jack C. Vaughan for his failure to give security for costs pursuant to order entered in this cause under date of November 24, 1953, and it appearing that more than sixty days have elapsed from the date of the said prior order requiring costs and that Jack C. Vaughan, plaintiff, has failed to give security for costs in the manner provided by law or to show good cause why he should not be required to furnish such security, and it further appearing to the court from the pleadings on file that Jack C. Vaughan, plaintiff, does not propose to comply with the order of the court regarding security for costs and that the motion of The First National Bank of Greenville is well taken and should be sustained:

"It Is, Therefore, Ordered, Adjudged and Decreed that the complaint of Jack C. Vaughan be, and the same is hereby, dismissed as to The First National Bank of Greenville, one of the defendants in said action, for failure to provide security for costs."

clusion of the district judge that the Adams County decree is res judicata of all matters alleged in plaintiff's suit, and that it should be dismissed on that ground.

■ But this is not to say that the judgment of dismissal as to King is erroneous and may not stand. For we think it clear that though the reasons assigned by the district judge for his action in dismissing the suit will not support it, the dismissal was proper for another reason. This is that, search the complaint as one may, while it does contain an allegation that plaintiff was deprived of the use and occupancy of the Florence plantation by the fraudulent and negligent acts of the bank, King, and others, no facts are, indeed not a single fact is, alleged which will support a claim of wrongdoing on King's part or show how anything that he did could have caused any of the damages and losses sued for.

■ Matters standing thus on plaintiff's pleadings and the record showing that plaintiff repeatedly declared both before and after the order dismissing his suit as to King that he would stand upon his pleadings and suffer judgment if they did not entitle him to recover, the order of the district judge dismissing plaintiff's action as to King is affirmed, though not for the reason that the Adams County judgment is res judicata.

■ When it comes to the order dismissing the suit as to the bank, we think it too plain for discussion that on this record, the district judge had no alternative. His order requiring security for costs had been for months ignored, if not defied. If, however, we should accept appellant's suggestion that he had the alternative of dismissing the action on plaintiff's motion, plaintiff would stand no better here. For, as we have pointed out in the opinion this day filed in Vaughan v. City Bank, 5 Cir., 218 F.2d 802, plaintiff could not have complained of a dismissal on his own motion since on the plainest principles he was not entitled to a summary judgment on his pleadings and a dismissal for want of prosecution was demanded.

The judgments appealed from are affirmed.