**WILLIAMSON COUNTY BROADCAST-
ING COMPANY et al., Petitioners,**

v.

**WILLIAMSON COUNTY BOARD OF
EDUCATION et al., Respondents.**

Supreme Court of Tennessee.

April 11, 1977.

Frank C. Ingraham, Ingraham, Young &
Corbett, Nashville, for petitioners.

Alfred H. Knight, III, Willis & Knight,
Nashville, for respondents.

## OPINION

HENRY, Justice.

This civil action, arising under the Tennessee Open Meetings Act, commonly known as the "Sunshine Law", as incorporated in Sec. 8–4401, et seq., T.C.A., devolves into a consideration and construction of Rule 56, Tenn.R.Civ.P.

Specifically, the question we address is whether a plaintiff, whose motion for summary judgment is overruled, may appeal. In responding in the negative, we look to the pleadings.

### I.

The Williamson County Broadcasting Company, owner and operator of Radio Station W.A.G.G. in Franklin, joined by its news director and the Middle Tennessee Chapter of Sigma Delta Chi, a society of professional journalists, filed a complaint in the Chancery Court at Franklin against The Williamson County Board of Education and certain named individuals constituting its membership. The thrust of the complaint was that the Board had conducted two secret meetings in violation of the Sunshine Law. The principal relief sought was (1) a declaration that action taken at these meetings be declared void and (2) that the defendants be permanently enjoined from further violations of the Act.

The defendants answered, asserting in substance, that these were informal assemblages not covered by the act and affirmatively pleading that they had not violated the Sunshine Law.

About five months after the answer was filed, but before any proceedings were conducted, plaintiffs moved for a summary judgment, supported by depositions, alleging that "there are no material issues of fact". Plaintiffs' motion is premised upon the insistence that both meetings were covered by the Sunshine Law.

The technical record contains a notice from counsel for plaintiffs that the motion for summary judgment would be heard on July 11, 1975. We assume it was heard on that date, but the record is silent on this point.

On July 28, 1975 the Chancellor filed his Findings of Fact and Conclusions of Law. *Inter alia* the Chancellor held that "there is no genuine issue of material fact," only questions of law. These questions of law were decided adversely to the Broadcasting Company. The motion for summary judgment was denied, and the Findings and Conclusions end with the following:

> If plaintiffs elect to *stand upon their motion* for summary judgment, as indicated by plaintiffs' counsel in the course of argument, the complaint in this case will be dismissed at plaintiffs' cost. (Emphasis supplied).

On August 2, 1975, plaintiffs moved to amend the findings. This is a seven (7) page document, taking issue with the Chancellor as to certain specified findings and shows conclusively that there were unresolved and genuine issues of material facts.

The same day the defendants moved for a summary judgment, based upon the pleadings, the same depositions and the Chancellor's Findings of Fact and Conclusions of Law. The Court did not act upon this motion.

On September 9, 1977 the Chancellor overruled plaintiffs' Motion to Amend the Findings.

On 15 October 1977, a "decree" was entered, incorporating the Findings of Fact and Conclusions of Law. This decree recites that "[t]he plaintiff [has] finally elected . . . to *stand on its motion* for Summary Judgment . . ." and dismisses the action. An appeal ensued and the Court of Appeals decided the controversy on its merits.

## II.

This case is simply not ripe for appellate review.

Rule 56.03, Tenn.R.Civ.P. provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact *and* that the *moving party is entitled to a judgment as a matter of law.* (Emphasis supplied).

Thus the rule contains two imperatives, i. e. (1) a finding that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. The decree shows only that the first criterion has been met. Clearly, the record, in its present posture, shows that the *plaintiffs* were not entitled to judgment as a matter of law, since the Chancellor held to the contrary.

It is unfortunate that defendants' motion for summary judgment was not filed sooner, or that the court did not act upon it. Had that motion been sustained we would be dealing with a final judgment.

There is no procedure known to our law for "standing" on a motion for summary judgment. When a plaintiff's motion for summary judgment has been overruled, he has simply lost a preliminary skirmish and must proceed to trial.

The pertinent part of Rule 56.03, Tenn.R. Civ.P., as quoted above, tracks Rule 56 of the Federal Rules of Civil Procedure.

In Wright & Miller, Federal Practice and Procedure, Civil Sec. 2715, at page 424, the effect of overruling a motion for summary judgment and the ensuing procedure is stated as follows:

> A denial of summary judgment indicates that the moving party has failed to establish that there is no genuine issue as to

any material fact *and* that he is entitled to a judgment as a matter of law; *a trial therefore is necessary.* (Emphasis supplied).

 We approve this language as a general rule of law in this jurisdiction. Generally speaking, when a party plaintiff "stands" on his unsuccessful motion for summary judgment, the proper procedure is for the trial judge to dismiss for want of prosecution. See *Vaughan v. City Bank & Trust Company, Natchez, Miss.,* 218 F.2d 802 (5th Cir. 1955), which holds that where plaintiff refused to prosecute his action after his motion for summary judgment had been denied, the court "had no alternative to dismissing his suit." 218 F.2d at 804.

Generally speaking, the action of a trial judge in overruling a motion for summary judgment is interlocutory in character and is not appealable. Normally, appeals lie only from final judgments. *Aetna Casualty & Surety Co. v. Miller,* 491 S.W.2d 85 (Tenn.1973).

We are not unmindful of the provisions of Sec. 27–305, T.C.A., which, *inter alia,* permits a trial judge to certify a controlling question of law as a basis for an interlocutory appeal. That section was neither pursued nor pursuable in the instant case.

We do not wish to be understood as holding that Sec. 27–305, T.C.A. may never be pursued in a case wherein a summary judgment is denied. In those cases wherein a party defendant is unsuccessful in his motion for a summary judgment, and where its correct resolution would terminate the controversy or substantially narrow the issues or materially advance the ultimate termination of the litigation, an interlocutory appeal on the basis of a trial judge's certification, would be proper for the appellate courts, acting in their discretion, to consider. Here we do not have such a case.

We reverse and remand to the Chancery Court at Franklin with instructions to that Court to rule on defendants' motion for a summary judgment and/or to direct that plaintiffs prosecute their action.

In the event, this action is fully and finally terminated on defendants' motion for a summary judgment, the additional record thus made may be certified to the Court of Appeals for such action as it may deem appropriate, and that Court may then forward the record to us for consideration on the merits. If terminated after a trial on the merits the usual procedure on appellate review shall govern.

Reversed and Remanded.

All concur.