STATE of Tennessee ex rel. Thomas
E. SHRIVER

v.

TENNESSEE LAND AND DEVELOPMENT COMPANY, INC. et al.

Supreme Court of Tennessee.

Aug. 27, 1979.

Jordan Stokes, III, Nashville, for appellant.

H. Fred Ford, Nashville, for appellees.

OPINION

FONES, Justice.

This quo warranto action was brought to nullify the reinstatement of the revoked corporate charter of The Tennessee Land and Development Company, Inc. The gravamen of such an action under T.C.A. § 23–2801(3) is that "persons" are acting as a corporation within this state without lawful authority. Whether plaintiff is entitled to the relief sought in this case depends upon the validity of the Commissioner of Revenue's action on January 21, 1975, in accepting delinquent corporate reports, taxes, interest and penalties, from three persons who were total strangers to The Tennessee Land and Development Company, Inc., whose charter had been revoked in 1950 for failure to file a corporate statement and pay the taxes prescribed by T.C.A. § 67–2801 et seq.

The authority for both the revocation and reinstatement of the corporate charter involved here is found in T.C.A. § 67–2810.

**67–2810.** *Revocation of charter for nonpayment of tax or fee.*—The commissioner of revenue is empowered to certify to the secretary of state the name of any corporation which fails or refuses to file any statement of report or to pay any fee or tax herein required, however, no certification shall be issued until such statement, report or tax has remained delinquent for a period of ninety (90) days. At the time of such certification to the secretary of state, the commissioner of revenue shall give notice to the corporation of the action taken.

Thereupon the charter of such corporation or its domestication in Tennessee shall stand as automatically revoked and the secretary of state shall note such revocation upon his records. At any time after date of revocation such charter may be reinstated upon the filing of all statements and the payment of all fees, taxes, penalty and interest due the state, provided however, the title has not been taken by another corporation, and further provided that proof be furnished sufficient to the commissioner of revenue, that no third party will be injured by such reinstatement. [Acts 1923, ch. 31, § 1; Shan.Supp., § 2053a11b1; Code 1932, § 4141; Acts 1963, ch. 194, § 5; 1976 (Adj.S.), ch. 743, § 1.]

The controlling issue in this Court is whether any third-parties would be injured by the reinstatement of the corporate charter of Tennessee Land and Development Company, Inc., by three persons having no connection whatsoever with that corporation, nor any authority to act for it. That issue was presented to the learned chancellor on plaintiff's motion for summary judgment which was denied. Thereafter, additional motions and pleadings were filed and the case came on for trial and terminated in a final judgment adverse to plaintiff, reciting merely that plaintiff failed to carry the burden of proof. On this appeal, following final judgment in the trial court, we may properly reach the assignments of error that support the insistence that plaintiff's motion for summary judgment was erroneously overruled. *See Williamson County Broadcasting Co. v. Williamson County Board of Education,* 549 S.W.2d 371 (Tenn. 1977).

The facts relevant to the controlling issue follow. Tennessee Land and Development, Company, Inc. was granted a charter of incorporation by the Secretary of State of Tennessee on June 1, 1948. The corporation acquired deeds to thousands of acres of land, principally in Grundy and Sequatchie Counties, which its charter authorized it to do. The record does not reveal the details of those transactions but does reveal that title to vast acreage remained in the corporation at the time of the reinstatement, January 21, 1975. The original incorporators were Fain Gillock, W. B. Staley and D. G. Campbell. It was asserted in the complaint that they along with G. Q. Milwee were the stockholders, directors and officers of the corporation. A copy of the charter is in the record, and defendants do not take issue with the fact that Gillock, Staley and Campbell were the incorporators, but defendants have taken the position that the corporation had no stockholders. That contention appears to be predicated upon an alleged investigation said to have been made by Herbert C. Leeming, Terry J. Aiken and Fred E. Filsoof prior to January 21, 1975, and also in connection with a suit in United States District Court, which investigation failed to disclose any evidence that the corporation had actually issued certificates of stock. We regard that contention as irrelevant to this quo warranto action. The Court can take judicial notice of the fact that Tennessee Land and Development Company could not have obtained deeds to thousands of acres of land without paid in capital or its equivalent, the source of which was necessarily the subscribers for the stock of the corporation or creditors of the corporation.

It is undisputed in this record that title to vast acreage in East Tennessee remained in the corporation's name on January 21, 1975, and it is elementary that the equitable owners of such assets as the corporation owned were its stockholders, if it was lawfully organized, but if not, then its creditors.

Defendants also say that all of the stockholders were dead and that corporations do not have heirs, but of course, stockholders are persons and do have heirs.

On January 21, 9175, Leeming, Aiken and Filsoof signed and filed with the Commissioner of Revenue, the following unsworn statement:

January 21, 1975

I, Herbert C. Leeming, Terry J. Aiken and Fred E. Filsoof, as officers of The Tennessee Land and Development Company, Incorporated, do hereby state and affirm that if the charter of Tennessee Land and Development Company, Incorporated is reinstated, no third party will be injured by such reinstatement.

Under the circumstances related herein that statement was false and facially had no probative value. The action of the Commissioner of Revenue in accepting it and certifying the reinstatement of The Tennessee Land and Development Company, Inc. and its merger into Peachtree-Cypress Investment Company, Incorporated, a Georgia corporation, in exchange for corporate taxes and reports from three strangers to the corporation was the equivalent of a tax sale of the corporation's property without due process of law. We declare the reinstatement of the corporation charter of The Tennessee Land and Development Company, Incorporated, and the attempted merger of that corporation with Peachtree-Cypress Investment Company, Incorporated, a Georgia corporation, to be null and void and of no force and effect whatsoever.

The Chancellor noted and defendants observe here that there is nothing in the statute about who may apply for reinstatement. We think the Legislature clearly intended that reinstatement would be available only through persons authorized to act for the corporation whose charter was revoked. That conclusion may be said to be mandated by the statutory requirement that no third party be injured by the reinstatement. If the statute is not given that interpretation its application is fraught with due process problems, where assets may be acquired by interlopers without notice to those persons having interests therein. Stockholders and creditors are third parties within the contemplation of the statute, and, prima facie, they are injured when a corporation with any assets is taken over by interlopers.

The judgment of the trial court is reversed and a decree will be entered in this Court declaring the reinstatement of the charter of The Tennessee Land and Development Company, Inc. and its merger with Peachtree-Cypress Investment Company, Incorporated, a Georgia corporation on January 21, 1975, void. Costs are adjudged against defendants.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.