IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

**March 3, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| SOUTHLAND REALTORS, INC., | ) | KNOX CIRCUIT |
| | ) | |
| Plaintiff/Appellee | ) | NO. 03A01-9710-CV-00455 |
| | ) | |
| v. | ) | HON. HAROLD WIMBERLY |
| | ) | JUDGE |
| TABOR CONSTRUCTION | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant/Appellant | ) | AFFIRMED |

Thomas R. Henley, Knoxville, for Appellant.

C. Paul Harrison, Knoxville, for Appellee.

# O P I N I O N

INMAN, Senior Judge

The trial court allowed the plaintiff a recovery of a commission for the sale of real estate. The defendant appeals, insisting that (1) the plaintiff was not a party to the sales agency contract and thus had no standing to file this action, (2) the agency contract expired before performance, (3) the plaintiff "performed no useful work," and (4) the record "cannot support a judgment for anyone." Each of these issues alleges that the trial court erred in failing to grant summary judgment.

The record does not reveal whether the motion was brought to the attention of the trial judge, but in the interest of the disposition of the case we may assume it was overruled since the case was tried on the merits. This

brings us to a critical difficulty, that being the absence of a transcript or statement of the evidence.

A review of the propounded issues is precluded because of the absence of a transcript of the testimony. We cannot decide the issues solely on the basis of the technical record. *Sherrod v. Wix,* 849 S.W.2d 780 (Tenn. App. 1992).

In avoidance of this elementary principle, the appellant argues that his appeal is from the refusal to grant summary judgment, as contrasted to an appeal from an adverse judgment following a trial on the merits. Aside from the fact that the motion was not supported as RULE 56 requires, *Byrd v. Hall,* 847 S.W.2d 208 (Tenn. 1993), as a general rule the overruling of the motion was interlocutory and hence not appealable. *See, Williamson County Broadcasting Co. V. Williamson County Bd. Of Education,* 549 S.W.2d 371 (Tenn. 1977).

The judgment is affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge


_____
Don T. McMurray, Judge