# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### MAY 18, 2004 Session

## DONNIE WAYNE JOHNSON, JR. v. CITY ROOFING COMPANY

### Direct Appeal from the Circuit Court for Obion County
### No. 7-714    William B. Acree, Jr., Judge

---

### No. W2003-01852-COA-R3-CV - Filed August 25, 2004

---

This case is an appeal from an order granting Appellee's motion for summary judgment. Appellant argues, as he did at trial, that this case involves genuine issues of material fact, rendering summary judgment inappropriate for this action. For the following reasons, we affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Joseph R. Taggart, Jackson, TN, for Appellant

Stephen W. Vescovo, Craig C. Conley, Memphis, TN, for Appellee

### OPINION

### Facts and Procedural History

Donnie Wayne Johnson, Jr. ("Appellant") was an employee of J.E. Campbell, Inc., a mechanical subcontractor for the construction of buildings. On August 9, 1996, while working on the roof of a building owned by Tyson Foods, Appellant sustained personal injury when he allegedly slipped on a piece of black plastic and fell through an opening in the roof of the building. Prior to the accident, only two employees of City Roofing Company ("Appellee"), Ed Catchot ("Catchot") and Kenneth Carter ("Carter"), had worked on the project for Appellee. Appellant filed suit against Forcum Lannom, Inc., Centex Forcum Lannom, Inc., Coreslab Structures, Inc., Tyson Foods, Inc., and later added Casey Electric Company, and Appellee. Appellant's amended complaint alleged the defendants (1) negligently failed to secure the plywood covering in the roof, (2) violated the Occupational Safety and Health Act involving the covering, securing, and guarding of a roof opening, and (3) created a hazard by leaving buckets, mops, black plastic, roofing materials and other debris in the work area obscuring Appellant's view of the opening through which he fell.

On November 16, 2001, Appellee filed a motion for summary judgment, accompanied by a supporting memorandum of law, asserting that there was no genuine issue of material fact upon which liability may be imputed to Appellee. Appellant filed a response to the motion citing various depositions[1] of witnesses, arguing that a genuine issue of material fact existed rendering summary judgment inappropriate. In an order filed on July 10, 2003, the trial court granted Appellee's motion for summary judgment and dismissed Appellant's claim with prejudice. Appellant subsequently filed his notice of appeal and presents the following issue[2] for our review: whether genuine issues of material fact exist rendering summary judgment inappropriate. For the following reasons, we affirm the order of the trial court.

## Standard of Review

When this Court reviews a grant of summary judgment, we must determine if the requirements of Tenn. R. Civ. P. 56 have been met. Because this inquiry involves a question of law, our review of the record is *de novo* without a presumption of correctness. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997) (citing *McCarley v. W. Quality Food Serv.*, 948 S.W.2d 477 (Tenn. 1997); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 894 (Tenn. 1996); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993)).

## Law and Analysis

Appellant argues that the trial court erred when it found that no genuine issues of material fact exist and granted Appellee's motion for summary judgment. In *Byrd v. Hall*, the Tennessee Supreme Court set forth an analysis for courts to follow to determine whether a grant of summary judgment is appropriate:

> In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, courts in this state have indicated that the question should be considered in the same manner as a motion for directed verdict made at the close of the plaintiff's proof, i.e., the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991); *Poore,* 666 S.W.2d at 49; *Dunn*, 833 S.W.2d at 80; *Wyatt v. Winnebago Industries, Inc.*, 566 S.W.2d 276, 279 (Tenn. App.

---

[1] Though Appellant cites to various depositions in his response to Appellee's motion for summary judgment and brief on appeal, no such depositions were filed as part of the appellate record. We are mindful that it is the appellant's responsibility to prepare a proper record on appeal and file it with this Court. *See Hopmayer v. Aladdin Indus., LLC*, No. M2003-01583-COA-R3-CV, 2004 WL 1283984, at *2 (Tenn. Ct. App. June 9, 2004) (quoting *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989)).

[2] Appellee raises the additional issues of whether Appellant's brief meets the requirements of Tenn. R. App. P. 27 and that Appellant's preparation of the record fails to comply with Tenn. R. App. P. 24. Given our disposition of Appellant's issue on appeal, we need not address these issues.

1977); *Taylor*, 573 S.W.2d at 480. Then, if there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied. *Poore*, 666 S.W.2d at 49 ("If the mind of the court entertains any doubt whether or not a genuine issue exists as to any material fact it is its duty to overrule the motion."); *Dooley v. Everett*, 805 S.W.2d 380, 383 (Tenn. App. 1990). The court is not to "weigh" the evidence when evaluating a motion for summary judgment. *See Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 389 (Tenn. 1986) ("Summary judgment is not ordinarily the proper procedure for determining whether a prima facie case has or has not been overcome by countervailing evidence."); *Rollins v. Winn Dixie*, 780 S.W.2d 765, 767 (Tenn. App. 1989). The court is simply to overrule the motion where a genuine dispute exists as to any material fact. *Dunn*, 833 S.W.2d at 80; *Dooley*, 805 S.W.2d at 383. The phrase "genuine issue" contained in Rule 56.03 refers to genuine factual issues and does not include issues involving legal conclusions to be drawn from the facts. *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 929 (Tenn. App. 1984). The critical focus is limited to facts deemed "material," *Evco*, 528 S.W.2d at 24-25, which is to say those facts that must be decided in order to resolve the substantive claim or defense at which the motion is directed. *Knoxville Traction Co. v. Brown*, 115 Tenn. 323, 331, 89 S.W. 319, 321 (1905); *Rollins v. Winn Dixie*, 780 S.W.2d 765, 767 (Tenn. App. 1989); *Schwarzer*, 139 F.R.D. at 476.

Moreover, the cases make clear that the party seeking summary judgment must carry the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law. *See, e.g.*, *Downen,* 811 S.W.2d at 524; *Jones v. Home Indem. Ins. Co.*, 651 S.W.2d 213, 214 (Tenn. 1983); *Williamson Cty. Broadcasting v. W. Cty. Bd. of Ed.*, 549 S.W.2d 371, 372 (Tenn. 1977); *Taylor*, 573 S.W.2d at 480; *Lucas Brothers v. Cudahy Co.*, 533 S.W.2d 313, 316 (Tenn. App. 1975). Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978); *Merritt v. Wilson Cty. Bd. of Zoning Appeals*, 656 S.W.2d 846, 859 (Tenn. App. 1983). In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment . . . shall be entered against him." Rule 56.05. If the motion is denied, the moving party "has simply lost a preliminary skirmish and must proceed to trial." *Williamson*, 549 S.W.2d at 372.

*Byrd*, 847 S.W.2d at 210-11.

After our review of the scant record in this case, we cannot say that the trial court erred when it granted summary judgment in favor of Appellee. In this case, Appellant alleged that Appellee negligently failed to secure the plywood covering which created an opening in the roof, violated the Occupational Safety and Health Act regarding the covering, securing, and guarding of roof openings,

and created a hazard by leaving plastic buckets, mops, black plastic, and other roofing materials around the unsecured opening in the roof which obscured Appellant's view. In its statement of material facts, Appellee articulates the following: (1) Catchot and Carter last worked on the project on the Wednesday afternoon before the accident which occurred on Friday and did not resume work until the next Monday; (2) Catchot and Carter had completed their work in the area where the accident occurred at some time prior to the accident; (3) the area on which Catchot and Carter were working at the time of the accident was approximately 200 to 300 feet away from the area of the accident; (4) Catchot and Carter did not remove any of the plywood covers from the roof; (5) the only tools used by Catchot and Carter were paint rollers, paint brushes, and cement trowels; (6) the only materials used by Catchot and Carter were concrete primer, rubber tape, and mastic cement; (7) Catchot's and Carter's materials were always within 100 feet of where they were working; and (8) Catchot and Carter did not use black plastic or a mop prior to the accident. In his memorandum in support of his response to Appellee's motion for summary judgment, Appellant states that "*if* City Roofing Company subsequently removed a roof opening cover and failed to properly guard the opening or properly resecure the opening, then City Roofing Company breached its' [sic] duty to protect the safety of Donnie Johnson, Jr." (emphasis ours). After stating this, Appellant adduces no specific facts to show in any way that Appellee's employees were the ones that unsecured the plywood cover on the roof. Rather, Appellant merely states that Appellee's employees were working in the general vicinity of where the accident occurred. Additionally, Appellant does not seem to dispute Appellee's statement of the tools and materials Appellee's employees used on the project. Instead, Appellant merely states that the items which obscured Appellant's view of the roof, the mop and buckets, were available to Appellee's employees. Appellant also states that the fact of whether Appellee used black plastic is in dispute but offers no specific facts to rebut Appellee's claim that its employees used it before the accident. Instead, Appellant quotes portions of depositions which establish: (1) a general statement that a plastic was used to cover the materials for "the roofers"; and (2) other than Appellant's testimony, witnesses state there may have been black plastic in the area of the accident. Finally, Appellant does not dispute Appellee's statement that its employees were working in an area approximately 200 to 300 feet away from the accident area but instead merely disputes the reliability of the witness that made this statement. After reviewing the scant record before us, we cannot say that the trial court erred when it granted Appellee summary judgment. Nothing in the record suggests that Appellant adduced specific facts showing that there is a genuine issue of material fact for trial. Therefore, we affirm the decision of the trial court.

**Conclusion**

For the foregoing reasons, we affirm the grant of summary judgment for the Appellee. Costs of this appeal are taxed to Appellant, Donnie W. Johnson, Jr., and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE