IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 24, 2010 Session

## ALEX LYON & SON SALES MANAGERS AND AUCTIONEERS, INC. v. GREGG BOLES

**Appeal from the Chancery Court for Rutherford County**
**No. 08-1494-CV      Robert E. Corlew III, Chancellor**

_____

**No. M2010-00388-COA-R3-CV - October 5, 2010**

_____

Suit was filed for breach of contract. Plaintiff sought summary judgment, which was denied. A trial on the merits followed and the trial court ruled for the defendant. Plaintiff appeals, seeking review of the denial of summary judgment. Since there was a trial on the merits, we cannot review the denial of the summary judgment in this case. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

S. Keenan Carter, Nashville, Tennessee, for the appellant, Alex Lyon & Son Sales Managers and Auctioneers, Inc.

Gregg Boles, Murfreesboro, Tennessee, Pro Se.

### OPINION

Alex Lyon & Son Sales Managers and Auctioneers, Inc. ("Lyon") sued Greg Boles for breach of contract. Lyon claimed that Boles agreed to sell ten pieces of heavy equipment to Lyon for $160,000. Lyon paid the money and Boles delivered nine of the ten pieces of equipment. Lyon wanted the return of $45,000, the value of the piece of equipment that Boles allegedly did not deliver, under either a breach of contract theory or rescission of the unperformed portion of the agreement.

Boles answered alleging that their agreement was that Lyon was to pay Boles $160,000 and pay an additional $45,000 to CNH Capital, which held a security interest in the equipment. He maintained that their agreement was not satisfied by Lyon, so he repossessed

the backhoe, which was worth approximately $45,000. Boles's attorney subsequently withdrew and Boles proceeded pro se.

Lyon filed a motion for summary judgment, which the trial court denied. A bench trial was held and the trial court ordered the plaintiff's case dismissed.[1] Lyon appealed and argues that the motion for summary judgment should have been granted. Lyon claims that the trial court denied the motion "solely" because Boles was acting pro se.

Summary judgments are reviewed de novo with no presumption of correctness. *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001). Under the circumstances of this case, however, we first must examine whether we can even review the summary judgment denial.

Tennessee cases repeatedly state that "when the trial court's denial of a motion for summary judgment is predicated upon the existence of a genuine issue as to a material fact, the overruling of that motion is not reviewable on appeal when subsequently there has been a judgment rendered after a trial on the merits." *Arrow Elecs. v. Adecco Employment Servs., Inc.*, 195 S.W.3d 646, 650 (Tenn. Ct. App. 2005); *see also Wagner v. Fleming*, 139 S.W.3d 295, 304 (Tenn. Ct. App. 2004); *Klosterman Dev. Corp. v. Outlaw Aircraft Sales, Inc.*, 102 S.W.3d 621, 636 (Tenn. Ct. App. 2002); *Bradford v. City of Clarksville*, 885 S.W.2d 78, 80 (Tenn. Ct. App. 1994); *Bills v. Lindsay*, 909 S.W.2d 434, 437 (Tenn. Ct. App. 1993); *Hobson v. First State Bank*, 777 S.W.2d 24, 32 (Tenn. Ct. App.1989); *Mullins v. Precision Rubber Prods. Corp.,* 671 S.W.2d 496, 498 (Tenn. Ct. App. 1984); *Tate v. County of Monroe,* 578 S.W.2d 642, 644 (Tenn. Ct. App.1978). Our cases do not, however, reflect the reason for this rule.

A denial of summary judgment is an interlocutory order and does not satisfy the finality requirement of Tenn. R. App. P. 3(a). *See Williamson County Broad. Co. v. Williamson County Bd. of Educ.*, 549 S.W.2d 371, 373 (Tenn. 1977). When summary judgment is denied due to the existence of a genuine issue as to a material fact, the parties proceed to try the issue and "the question of the validity of the denial of summary judgment in effect becomes moot." *E.E.O.C. v. Sears, Roebuck & Co.*, 839 F.2d 302, 353 n.55 (7th Cir. 1988). The denial of summary judgment due to the existence of a genuine issue regarding a material fact merely decides that a trial is necessary. Once that trial has occurred, there is no need to reexamine the denial of summary judgment:

---

[1]The trial court decreed that "this cause be . . . dismissed." In the transcript of the trial court's ruling, the chancellor stated: "Given the circumstances we have, I can't find that one side is more credible than the other. And I think it's my duty, unfortunately, to dismiss the action." In effect, he found that neither side met the burden of proof on its claims.

The primary question on summary judgment is whether there exists a genuine issue of material fact as to the elements of a party's claim. Once the summary judgment motion is denied and the case proceeds to trial, however, the question of whether a party has met its burden must be answered with reference to the evidence and the record as a whole rather than by looking to the pretrial submissions alone.

*Johnson Int'l. Co. v. Jackson Nat'l Life Ins. Co.*, 19 F.3d 431, 434 (8ᵗʰ Cir. 1994) (citations omitted). Furthermore, and more fundamentally, to allow such review would not provide proper respect for the judicial process. Unlike a summary judgment, a matter that is decided at trial has been through the true test of the adversarial process where witnesses are presented, cross-examined, and subjected to the credibility assessment of the court or jury. Each party has had the most complete hearing it can have. No good reason exists to disregard that process and substitute our judgment based on facts presented via affidavits, pleadings, and discovery documents at an earlier point in the litigation.

The question in this case becomes whether the trial court denied the summary judgment because genuine issues of material fact existed or, as Lyon maintains, because Boles was acting pro se. Boles represented himself after his attorney withdrew. The Court of Appeals has addressed how appellate courts should treat pro se litigants as follows:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

> The courts give pro se litigants who lack formal legal training a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by

lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S. Ct. 173, 176 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. *Irvin v. City of Clarksville*, 767 S.W.2d at 652. Even though the courts cannot create claims or defenses for pro se litigants where none exist, *Rampy v. ICI Acrylics, Inc*., 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994), they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers. *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

*MBNA Am. Bank, N.A. v. Baker*, No. M2004-02239-COA-R3-CV, 2007 WL 3443600, at *3 (Tenn. Ct. App. Nov.15, 2007).

The trial court's order denying the motion for summary judgment states: "In light of the pro se status of the Defendant, however, the Court determined that it would be more appropriate to dispose of this case at trial and finds that Plaintiff's Motion for Summary Judgment is hereby DENIED." Thus, Lyon argues that the motion was denied solely on the basis of Boles's pro se status.

Boles's unfamiliarity with the legal process is evident in his handling of the summary judgment motion. Lyon filed a properly supported motion. Boles replied to Lyon's statement of undisputed material facts with his own statement of facts stating that, beyond the agreement to buy the equipment for $160,000, Lyon was supposed to pay off CNH Capital's interest. Unfortunately, he did not send this statement to Lyon's attorney, who maintains that the summary judgment motion was unanswered. Nevertheless, Boles's inartful statement of facts created a dispute of material fact. Applying the less stringent standards for pro se filings, the trial court did not hold Boles's poor response to the summary judgment motion against him.

Since the trial court essentially found a genuine issue of material fact, under Tennessee case law the summary judgment motion is not reviewable on appeal when subsequently there was a judgment rendered after a trial on the merits. *Arrow Elecs*., 195 S.W.3d at 650. We agree with the trial court.

Costs of appeal are assessed against the appellant, Alex Lyon & Son Sales Managers and Auctioneers, Inc., for which execution may issue if necessary.


_____

ANDY D. BENNETT, JUDGE