# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 22, 2012 Session

## FARMERS MUTUAL OF TENNESSEE v. JENNIFER ATKINS

**Direct Appeal from the Chancery Court for Monroe County**
**No. 16344      Jerri Saunders Bryant, Chancellor**

---

**No. E2011-01903-COA-R9-CV-FILED-MARCH 21, 2012**

---

This is an interlocutory appeal from the denial of summary judgment. Appellant insurance company sought a declaratory judgment that Appellee was precluded from recovering under her home owner's insurance policy due to her failure to submit to an examination under oath. The insurance company moved for summary judgment, arguing that the failure to submit to an examination under oath was the nonoccurrence of a condition precedent to recovery under the policy, as outlined in ***Spears v. Tennessee Farmers Mut. Ins. Co.***, 300 S.W.3d 671 (Tenn. Ct. App. 2009). Appellee responded that she had not failed to submit to an examination and argued that, under ***Talley v. State Farm Fire & Cas. Co.***, 223 F.3d 323 (6th Cir. 2000), the insurance company must prove prejudice in order to preclude recovery. The trial court denied summary judgment, citing material factual disputes and noting, without deciding, the divergence of opinion regarding the condition precedent issue. Accordingly, the trial court granted an interlocutory appeal for this Court to determine the applicable law. This Court granted the interlocutory appeal; however, upon further review, we have determined that this issue is not properly before us. Accordingly, we vacate the grant of the interlocutory appeal, remand to the trial court for further proceedings and dismiss the appeal.

**Tenn. R. App. P. 9. Interlocutory Appeal; Order Granting Appeal is Vacated; Case is Remanded and Appeal is Dismissed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Christopher D. Heagerty and Kristi M. Davis, Knoxville, Tennessee, for the appellant, Farmers Mutual of Tennessee.

Chad D. Wilson, Knoxville, Tennessee, and Peter Alliman, Madisonville, Tennessee, for the appellee, Jennifer Atkins.

**OPINION**

On July 26, 2008, Defendant/Appellee Jennifer Atkins' residence was destroyed by a fire. Ms. Atkins' home was covered under a homeowner's insurance policy issued by Plaintiff/Appellant Farmers Mutual of Tennessee ("Farmers Mutual"). It is undisputed that the insurance policy agreed to by Ms. Atkins contains the following provisions:

WHAT YOU MUST DO IN CASE OF LOSS

\*    \*    \*

2. Cooperation - The insured must cooperate with us in performing all acts required by this policy;

\*    \*    \*

b. At our request, the insured must also:

\*    \*    \*

(2) submit to examination under oath in matters connected with the loss or claim as often as we reasonably request; . . . .

On January 15, 2009, Farmers Mutual sent a Notice of Examination Under Oath to Ms. Atkins, stating that the examination was scheduled for January 30, 2009. Due to scheduling conflicts, the parties agreed to reschedule the examination for February 6, 2009. Although no explanation is contained in the record, it is undisputed that the examination did not occur on February 6, 2009. Instead, on February 13, 2009, Ms. Atkins' counsel sent a letter to Farmers Mutual informing the insurance company that Ms. Atkins would not be pursuing her insurance claim as the result of criminal charges pending against her. The letter stated: "As you know, Ms. Jennifer Atkins has been indicted by the Monroe County Grand Jury of which said charges are pending at this time. Ms. Atkins will not pursue her claim at this time."  According to the record, Ms. Atkins was indicted on December 2, 2008 on charges of arson, conspiracy and insurance fraud in connection with the fire that destroyed her residence.

On July 27, 2009, Ms. Atkins instituted an action against Farmers Mutual seeking to recover under the policy. The insurance company did not respond to the claim before it was voluntarily dismissed on August 4, 2009. On August 14, 2009, Farmers Mutual filed a

Complaint for Declaratory Judgment. The complaint sought a declaration that because Ms. Atkins failed to submit to an examination under oath, a condition precedent to recovery under the policy, she was thus barred from recovering under the policy. On October 15, 2009, Ms. Atkins filed a handwritten response to the complaint, stating: "I deny what is said in the complaint and I want my day in court."

On March 22, 2010, the criminal charges against Ms. Atkins were dismissed because the State determined that it did "not have sufficient evidence to proceed."

On June 10, 2010, Ms. Atkins' counsel filed a formal Answer to the complaint, denying the material allegations contained therein, and stating that Ms. Atkins "stands ready, willing, and able to perform all duties required of her under the contract of insurance." In addition to the Answer, Ms. Atkins also filed a Counterclaim against Farmers Mutual, seeking to recover under the policy.

On June 13, 2011, Farmers Mutual filed a Motion for Summary Judgment, stating:

[Ms. Atkins] has failed to cooperate with [Farmers Mutual] in its investigation of this claim in violation of the terms and conditions of the policy issued to the defendant. As such, the actions of the defendant constitute the failure to perform a condition precedent to accrual of this cause of action under the terms of the policy, and, therefore, the defendant has no present and subsisting right to bring this cause of action.

Ms. Atkins responded in opposition to the motion on August 9, 2011, denying that she had ever failed to cooperate with Farmers Mutual. A hearing was held on August 17, 2011. At the conclusion of the hearing, the trial court took the matter under advisement. The following day, the trial court orally denied the motion.[1]

An order reflecting the denial was entered on August 31, 2011, which stated that the motion for summary judgment was denied due to the divergence of opinion regarding whether the failure to submit to an examination under oath constitutes the nonoccurrence of a condition precedent to recovery under the insurance policy. The trial court also stated that "the Court finds that there are disputed issues of material fact."[2]  The order further stated

---

[1] No transcripts from either the August 17, 2011 hearing or the August 18, 2011 oral ruling are contained in the record.

[2] At oral argument, counsel for Farmers Mutual stated that the trial judge did not deny summary
(continued...)

that, due to the divergence of opinion on the condition precedent issue, the trial court granted an interlocutory appeal on that issue.

Farmers Mutual filed a Tennessee Rule of Appellate Procedure 9 application for an interlocutory appeal to this Court on September 9, 2011, which was granted by our order of October 6, 2011. The sole issue certified by this Court for interlocutory appeal is taken from Farmers Mutual's brief:

> Whether an Insured's refusal to participate in an Examination Under Oath, as required by the insured's insurance policy, constitutes the failure of a condition precedent to recovery under the policy, thus providing grounds for the insurance company to deny liability under the policy?

## II. Analysis

Before we address the merits of this case, we first pause to address whether this appeal is properly before this Court for appellate review. Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. ***Meighan v. U.S. Sprint Commc'ns Co.***, 924 S.W.2d 632, 639 (Tenn. 1996). The court may consider subject matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); ***Ruff v. State***, 978 S.W.2d 95, 98 (Tenn. 1998). This is an appeal from the denial of summary judgment. Normally, appeals lie only from final judgments, and the action of a trial judge in overruling a motion for summary judgment is ordinarily interlocutory in character and, therefore, not appealable. ***Williamson County Broad. Co. v. Williamson County Bd. of Ed.***, 549 S.W.2d 371 (Tenn. 1977). However, Rule 9 of the Tennessee Rules of Appellate Procedure provides for review of interlocutory orders in certain limited instances. Rule 9 states, in pertinent part:

> (a) **Application for Permission to Appeal; Grounds.** Except as provided in rule 10, an appeal by permission may be taken from an interlocutory order of a trial court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals only upon application and in the discretion of the

---

[2](...continued)
judgment due to material factual disputes. From our review of the order, however, the trial court clearly states "the Court finds that there are disputed issues of material fact." On appeal, this Court is constrained to consider only the evidence and documents contained in the record. Tenn. R. App. P. 13(c). No transcript of the oral ruling is contained in the record; therefore, we are unable to discern any other meaning from the plain language of the trial court's order. Further, it is well-settled that the court speaks through its orders rather than its oral pronouncements. ***Palmer v. Palmer***, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). Accordingly, this Court must conclude that the trial court based the denial of the motion for summary judgment, at least in part, on disputed issues of material fact.

trial and appellate court. In determining whether to grant permission to appeal, the following, while neither controlling nor fully measuring the courts' discretion, indicate the character of the reasons that will be considered: (1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed; and (3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment.

(b) **Procedure in the Trial Court.** The party seeking an appeal must file and serve a motion requesting such relief within 30 days after the date of entry of the order appealed from. When the trial court is of the opinion that an order, not appealable as of right, is nonetheless appealable, the trial court shall state in writing the reasons for its opinion. The trial court's statement of reasons shall specify: (1) the legal criteria making the order appealable, as provided in subdivision (a) of this rule; (2) the factors leading the trial court to the opinion those criteria are satisfied; and (3) any other factors leading the trial court to exercise its discretion in favor of permitting an appeal. The appellate court may thereupon in its discretion allow an appeal from the order.

Accordingly, this Court only gains subject matter jurisdiction to review an interlocutory order when the appeal is properly granted under the criteria outlined in Rule 9. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (noting that an appellate court only attains jurisdiction over an interlocutory appeal when the appeal is properly invoked in accordance with a rule or statute). In addition, this Court may only review the issues as certified for interlocutory appeal by the trial court. *Banks v. Elks Club Pride of Tennessee 1102*, 301 S.W.3d 214, 227 n.16 (Tenn. 2010).

Farmers Mutual timely filed a request to file an interlocutory appeal, which was granted by both the trial court and this Court. Accordingly, for this Court to attain jurisdiction of this case, the appeal must properly fall under Rule 9 and any other applicable Rules of Appellate Procedure.

The issue certified on appeal concerns the law applicable to this case, specifically

whether an insurance company must prove that it was prejudiced by the insured's failure to submit to an examination under oath. In *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323 (6th Cir. 2000), the Sixth Circuit ruled that the insurance company must prove prejudice from the insured's failure to submit to the examination in order to prevent the insured from recovering under the policy. However, in *Spears v. Tennessee Farmers Mut. Ins. Co.*, 300 S.W.3d 671 (Tenn. Ct. App. 2009), this Court held that the insured's failure to submit to an examination was a condition precedent to recovery under an insurance policy requiring the insured to participate in an examination. In other words, this Court's holding in *Spears* did not require that the insurance company prove prejudice.

On review of the record in this case, we have determined that no order was entered by the trial court deciding the issue presented by this appeal. Instead, the trial court merely noted the divergence of opinion on this issue and granted an interlocutory appeal. Accordingly, if this Court were to consider the merits of Farmers Mutual's issue presented, this Court would be required to make an initial determination as to which law controls, which is not the province of the Appellate Court in an interlocutory appeal. Rule 9 provides that an interlocutory appeal may be taken from an *order* entered in the trial court that is not otherwise appealable. *See* Tenn. R. App. P. 9 (providing that "an appeal by permission may be taken from an interlocutory *order*" and requiring the trial court to state "the legal criteria making the *order* appealable") (emphasis added). Further, this Court is only authorized to correct *errors* made by the trial court. *See* Tenn. R. Ct. App. 6(a)(1)–(3) (requiring statements in appellate briefs of the "alleged *erroneous action* of the trial court," "how such alleged *error* was seasonably called to the attention of the trial court," and how the "appellant was prejudiced by such alleged *error*") (emphasis added); *see also Alsip v. Johnson City Med. Ctr.*, No. E2004-00831-COA-R9-CV, 2005 WL 1536192, at *7 (Tenn. Ct. App. June 30, 2005) (describing this Court as "an error-correcting intermediate appellate court"). In addition, the only errors that may be corrected on interlocutory appeal are errors concerning the specific issue or issues certified on appeal. *See Tennessee Dep't of Mental Health and Mental Retardation v. Hughes*, 531 S.W.2d 299, 300 (Tenn. 1975) (noting that "[w]hen dealing with an interlocutory appeal, the Court can and will deal only with those matters clearly embraced within the question certified to it").

According to the foregoing, on interlocutory appeal, this Court has jurisdiction to correct an error from an order entered by the trial court concerning the specific issue certified on appeal. The specific issue certified on appeal concerns the law applicable to the case. However, from our review of the record , we have concluded that the trial court never made the initial determination of which law is applicable to this case. It instead denied summary judgment based on disputed issues of material fact and merely noted the divergence of opinion as to what law should be applied. Accordingly, no determination of what law applies was made by the trial court. Consequently, we are not presented with an

issue to review but with an issue that requires us to make an initial determination. Respectfully, this is not the proper office of an interlocutory appeal. Instead, when granted, we are called on to review the interlocutory orders of the trial court. In this case, no decision was made by the trial court as to what law applies to this case, so no order exists for us to review. Without a determination and the entry of an order reflecting that determination, this Court has nothing to review and no error to correct.

Due to the lack of a determination and subsequent entry of an order on the specific issue presented by this appeal, we vacate our prior order of October 6, 2011 granting Farmers Mutual leave to file an interlocutory appeal and remand the matter to the trial court for proceedings consistent with this opinion.

### III. Conclusion

This Court's grant of an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure is vacated and this matter is remanded to the trial court for further proceedings. The appeal is dismissed with costs of this appeal taxed to the Appellant Farmers Mutual of Tennessee, and its surety.

_____
J. STEVEN STAFFORD, JUDGE