## UNITED STATES *v.* BABBITT.

1. *Quære,* In computing the longevity pay to which an officer of the army is entitled under sect. 7 of the act of June 18, 1878, c. 263 (20 Stat. 145), should the time during which he was a cadet at West Point be included in his period of service.

2. The Court of Claims decided that question adversely to the plaintiff. As the case in which it arose was one of a class, and a judgment against him could not, by reason of the amount in controversy, be reviewed, a *pro forma* judgment was, by consent of the Attorney-General, rendered against the United States on a claim for such pay, in which that time was embraced. The United States appealed. *Held,* that the consent so given was a waiver of any error in including that time as a basis of computation.

APPEAL from the Court of Claims.

Lawrence S. Babbitt reported at the Military Academy at West Point as a candidate for admission, June 11, 1857, and was admitted as a conditional cadet on the first day of the following month. He received his warrant as a cadet, Feb. 6, 1858. He was graduated from that institution July 1, 1861, and commissioned a second lieutenant of artillery June 24 of that year. He has served continuously in the army ever since. The accounting officers, in computing his longevity pay, held that his period of service commenced from the date of his commission as such second lieutenant, while he claimed that he should be credited also with the time he remained at the academy. He brought suit against the United States to recover the difference in his pay between the sum which they allowed and that to which he would have been entitled had they adopted his manner of stating the account.

The seventh section of the act of June 18, 1878, c. 263 (20 Stat. 145), is as follows: "That on and after the passage of this act, all officers of the army of the United States who have served as officers in the volunteer forces during the war of the rebellion, or as enlisted men in the armies of the United States, regular or volunteer, shall be, and are hereby, credited with the full time they may have served as such officers and as such enlisted men, in computing their service for longevity pay and retirement."

The Court of Claims announced a decision adverse to the claimant; but for the reasons stated in the opinion of this

court judgment was rendered in his favor.    The United States appealed, and assign for error that the court erred in computing the plaintiff's service, and should have excluded therefrom the time he was a cadet at West Point.

*The Solicitor-General* for the United States.

*Mr. William Penn Clarke* for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The question presented to the court below on the trial of this case was, whether in the computation of longevity pay for an officer of the army of the United States, under the provisions of sect. 7 of the act of June 18, 1878, c. 263 (20 Stat. 145), his period of service as a cadet at West Point was to be taken into account.    The court decided it was not, and an elaborate opinion to that effect was filed ; but the record shows that, after the decision was announced, a *pro forma* judgment was rendered, with the consent of the Attorney-General, in favor of the claimant.    This is stated in the judgment to have been done because the case was one of a class, and the claimant, if judgment should be given against him, could not appeal.    In *Pacific Railroad* v. *Ketchum* (101 U. S. 289), we decided that when a decree was rendered by consent, no errors would be considered here on an appeal which were in law waived by such a consent.    In our opinion, this case comes within that rule.    The consent to the judgment below was in law a waiver of the error now complained of.    For this reason the judgment below must be affirmed ; and it is

*So ordered.*