## MARKS v. LEO FEIST, Inc.

(Circuit Court of Appeals, Second Circuit. April 2, 1923.)

No. 178.

1. Copyrights ☞66—To constitute infringement of copyright of musical composi-
   tion there must be substantial copying of material part.

   To constitute infringement of a copyright of a musical composition there must have been a substantial copying of a substantial and material part of it.

2. Copyrights ☞66—Copyrights of musical composition held not infringed.

   The exclusive right granted by a copyright of a musical composition, comprising 450 bars of music, does not exclude another from using six similar bars in another composition.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Edward B. Marks against Leo Feist, Inc. Decree for defendant, and complainant appeals. Affirmed.

Edward B. Marks, of New York City (O. Ellery Edwards and Julian Raphael, both of New York City, of counsel), for appellant.

Gilbert & Gilbert, of New York City (A. S. Gilbert, Francis Gilbert and Jerome E. Malino, all of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. This bill is in equity, and appellant seeks a preliminary injunction to restrain an alleged infringement of a musical copyright and also seeks damages. On December 28, 1905, the musical composition "Wedding Dance Waltz" was copyrighted, and appellant is now the owner of the copyright. Appellee puts out a song entitled "Swanee River Moon," which was copyrighted April 4, 1921. While the sale of this composition was commenced in April, 1921, it reached successful proportions in September, 1921, when it met with great popular favor. In March, 1922, after 7 months of continued success, the appellant instituted this suit, declaring that the appellee's composition infringed upon the appellant's copyrighted "Wedding Dance Waltz." The appellant's composition comprises 450 bars of music, and he points out that 6 bars of this are infringed by the appellee's composition. They are found in the chorus. The composer of the "Swanee River Moon" swears he never knew of the composition entitled "Wedding Dance Waltz," and never heard it played until October, 1922. Appellee has submitted another composition, written and published long prior to "Wedding Dance Waltz,"

and that, too, has an entire identity in at least 4 bars which are found in appellant's and appellee's composition.

Because we find there is no similarity which constitutes an actionable infringement, we need not consider the principal argument advanced by the appellant that the court below was in error in the pronouncement that in order for the appellant to succeed, he must establish that the appellee had actually copied or pirated the composition, not merely while ignorant, but after knowledge of the previous composition. Musical signs available for combinations are about 13 in number. They are tones produced by striking in succession the white and black keys as they are found on the keyboard of the piano. It is called the chromatic scale. In a popular song, the composer must write a composition arranging combinations of these tones limited by the range of the ordinary voice and by the skill of the ordinary player. To be successful, it must be a combination of tones that can be played as well as sung by almost any one. Necessarily, within these limits, there will be found some similarity of tone succession. Even different results may be obtained by varying the accent and tempo. An acceptable affidavit in the record of an expert in music says that, as to the two compositions here in question, there is a similarity of tone succession with respect to 5 or 6 bars, but says the rhythm and accent are entirely different, and unless there be a similarity of rhythm in the two, no one who plays the two compositions as they are written, can confuse one with the other. The expert says:

"I can well understand that, if any one plays the notes, not as they are written, but gives these notes equal values, suppressing the real effect that should be given to the base accompaniments, he will produce a result of similarity."

[1, 2] What we have said is illustrated by the fact that some of the bars in the "Wedding Dance Waltz" are duplicates of 4 of the bars of the "Cora Waltz," published before the appellant's composition. To constitute an infringement of the appellant's composition, it would be necessary to find a substantial copying of a substantial and material part of it. Eggers v. Sun Sales Corp. (C. C. A.) 263 Fed. 373. The exclusive right granted to the appellant by his copyright to print, reprint, publish, copy, and vend does not exclude the appellee from the use of 6 similar bars, when used in a composition of 450 bars.

Decree affirmed.