## MARKS v. LEO FEIST, Inc.

(Circuit Court of Appeals, Second Circuit.
June 1, 1925.)

### No. 124.

**1. Copyrights ⊜⟳90—Allowance of attorney's fees in suit for infringement.**

Under Copyright Act 1909, § 40 (Comp. St. § 9561), providing that in suits under the act "full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs," the allowance of such attorney's fee and the amount is within the discretion of the court, but such discretion is not absolute, and the court's action as to the amount allowed is subject to review in the appellate court.

**2. Depositions ⊜⟳33—Refusal to grant commission held not error.**

Refusal of a federal court to grant a commission to take a deposition in a foreign country in support of allegations in the bill, on a motion made two years after commencement of the suit, *held* not error.

**3. Appeal and error ⊜⟳154(4)—In absence of motion to correct, record taken as true.**

A complainant cannot appeal from a decree of dismissal entered on his own motion, and a recital of such fact in the record must be taken as true where no motion was made in the trial court to resettle the decree.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Edward B. Marks against Leo Feist, Inc. Decree for defendant, and complainant appeals. Modified and affirmed.

O. Ellery Edwards, of New York City (Julian J. Raphael, of New York City, of counsel), for appellant.

Gilbert & Gilbert, of New York City (A. S. Gilbert, Francis Gilbert, and Jerome E. Malino, all of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. A suit was brought in the court below by Edward B. Marks, who sought to obtain a preliminary injunction to restrain an alleged infringement of a musical composition entitled "Wedding Dance Waltz" which Marks had copyrighted, and which it was alleged that Feist had infringed by a musical composition entitled "Swanee River Moon" which Feist had written and copyrighted. The court below denied Marks' application for the preliminary injunction, and on appeal to this court we affirmed the decree, 290 F. 959.

Thereafter a motion was made in the District Court to dismiss the action, and May 15, 1924, the motion was granted, and a decree was entered on June 2, 1924, in favor of defendant, and the complaint was dismissed with costs and the defendant was allowed a counsel fee of $1,500.

On the day that the decree was entered the solicitor for the plaintiff appealed from the decree. In the assignment of errors it is recited that counsel for plaintiff had never moved for a dismissal of the bill; that the court had also erred in denying the plaintiff's motion for a commission to take testimony; and that the court had also erred in allowing defendant an attorney's fee in the sum of $1,500.

We shall consider, in their inverse order, the errors assigned.

The general rule, which is subject to some exceptions of course, is that each party to a litigation must pay his own counsel fees, no matter how unjust the litigation may have been or how great may have been the expensa litis. In a case decided in the Supreme Court in 1796, Arcambel v. Wiseman, 3 Dall. 306, 1 L. Ed. 613, it appeared that a charge of $1,600 for counsel fees in the court below had been allowed. The nature of the case is not disclosed, but the Supreme Court disallowed it. The whole opinion is disposed of in seven lines. "We do not think," said the court, "that this charge ought to be allowed. The general practice of the United States is in opposition to it; and even if that practice were not strictly correct in principle, it is entitled to the respect of the Court, until it is changed, or modified, by statute."

In Oelrichs v. Spain, 15 Wall. 211, 21 L. Ed. 43 (1872), the general rule is commented upon more fully, and some of the reasons upon which it rests are stated; the court saying: "We think the principle of disallowance rests on a solid foundation, and that the opposite rule is forbidden by the analogies of the law and sound public policy." And in stating some of the disadvantages which would attend upon a contrary rule the court said: "There is no fixed standard by which the honorarium can be measured. Some counsel demand much more than others. Some clients are willing to pay more than others. More counsel may be employed than are necessary. When both client and counsel know that the fees are to be paid by the other party there is danger of abuse. A reference to a master, or an issue to a jury, might be necessary to ascertain the proper amount, and this

grafted litigation might possibly be more animated and protracted than that in the original cause. It would be an office of some delicacy on the part of the court to scale down the charges, as might sometimes be necessary."

[1] But, however all that may be, the question of the expediency of the rule seems now to be a matter for the Congress in so far as the question concerns the federal courts; and that body has seen fit to change the rule in so far as copyright cases are concerned.

The Copyright Act of March 4, 1909, § 40, 35 Stat. pt. 1, c. 320, p. 1084 (Comp. St. § 9561), provides that in actions brought under the act "full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs." The language of the act gives costs as a matter of right to the prevailing party, but leaves to the court's discretion the awarding of a reasonable attorney's fee. The court "shall" allow the costs but it "may" award an attorney's fee. Haas v. Leo Feist (D. C.) 234 F. 105, 109; Gross v. Van Dyk Gravure Co., 230 F. 412, 413, 144 C. C. A. 254; Mills, Inc., v. Standard Music Roll Co. (D. C.) 223 F. 849; Strauss v. Penn Printing, etc., Co. (D. C.) 220 F. 977, 980.

The amount of the attorney's fee which should be allowed, if any allowance is made, is a matter peculiarly within the discretion of the court which awards it. The trial judge in determining the matter should take into consideration the importance of the questions in litigation, the amount involved, and the value of the professional services rendered. He is to fix the amount at a reasonable sum, basing his conclusion upon his own knowledge of the facts and professional custom.

Decisions upon matters which are within the absolute discretion of a trial court are, of course, not reviewable in courts of appeal. Pittsburgh, C., C. & St. L. R. Co. v. Heck, 102 U. S. 120, 26 L. Ed. 58. But the discretion which a court exercises in fixing the allowance of fees is not an absolute one and may be reviewed in the appellate court when an abuse of discretion is shown. See Stallo v. Wagner, 245 F. 636, 639, 158 C. C. A. 64; S. E. Hendricks Co. v. Thomas Publishing Co., 242 F. 37, 42, 154 C. C. A. 629; Universal Film Mfg. Co. v. Copperman, 218 F. 577, 582, 134 C. C. A. 305.

It seems to us, taking all the circumstances in this case into consideration, that the learned District Judge, in fixing the attorney's fee herein at $1,500, inadvertently committed an error of judgment. We think a fee in that amount was excessive, and feel constrained to reduce it to the amount of $500, which seems to us, all things considered, to be a generous allowance. And in this connection we call attention to the fact that the solicitor for the defendant, in an affidavit which is in the record, states that in a conversation he had with the solicitor for the plaintiff on March 12, 1924, the defendant's solicitor himself declared that he "thought that a counsel fee of $1,000 would be amply justified by the circumstances of this case." We are satisfied that a fee of $500 was ample compensation not only for services rendered prior to March 12, 1924, but also for the relatively unimportant services rendered after that date.

[2] This brings us to the consideration of the action of the court in denying the motion of the plaintiff's solicitor that a commission issue to the United States Consul in Berlin, Germany, to take the deposition of Paul Lincke to prove certain matters alleged in his bill of complaint. The plaintiff commenced this suit in March, 1922, and this application to take testimony in Germany was not made until the case had been pending for two years and until one year after this court had passed on the refusal of the District Court to grant a preliminary injunction. We certainly cannot say that after the long time which had elapsed between the commencement of the suit and the date of the application for the issuance of the commission, and with no sufficient explanation of the reason for the delay, the court erred in denying the motion.

Section 866 of the Revised Statutes of the United States (Comp. St. § 1477) reads as follows: "In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage. * * * *"

Rule 47 of the equity rules provides that in a proper case the court may allow the testimony of witnesses to be taken by deposition, but the rule specifically provides: "All depositions taken under a statute, or under any such order of the court, shall be taken and filed as follows, unless otherwise ordered by the court or judge, for good cause shown: Those of the plaintiff within sixty days from the time the cause is at issue. * * * *" And rule 56 provides: "After the time has elapsed for taking and filing depositions under these rules, the case shall

be placed on the trial calendar. Thereafter no further testimony by deposition shall be taken except for some strong reason shown by affidavit. In every such application the reason why the testimony of a witness cannot be had orally on the trial and why his deposition has not been before taken shall be set forth together with the testimony which it is expected the witness will give."

Where an application is made for the issuance of a commission to take testimony, it should appear to the court that the application is made in good faith, and if there has been a delay in making the application the moving papers should set forth the reasons for the delay, and there should be "good cause shown." We have no hesitancy in saying, not only that no abuse of the court's discretion appears in its ruling in this respect, but that we think that the action taken respecting the matter was amply justified under the circumstances.

We may add that we cannot see what there was left in this case to try, our decision (290 F. 959) having already established the law of the case. The counsel for defendant insisted at the argument that the application for the issuance of the commission was only for the purpose of putting the defendant to added expense in the hope that by so doing the defendant would abandon what otherwise would be its just claim for the allowance of a counsel fee. This court does not impute to plaintiff's counsel any improper motive in making the application he did, but we are entirely satisfied that the court below rightly denied the application for the issuance of the commission.

Finally, it is alleged for error that the decree as entered recites that "this case came on to be heard at this term, and the plaintiff having moved for a dismissal of the action," the action was dismissed.

The affidavit of counsel for defendant states that on March 12, 1924, when the case appeared on the Equity Call Calendar, counsel for plaintiff proposed to discontinue the case, but when he was informed by counsel for defendant that he would have to pay a counsel fee he then stated that he preferred "to fight the case." On the call of the calendar the affidavit states "counsel for the plaintiff asked that the case be marked off the Call Calendar." Nevertheless, after counsel for defendant explained the situation the judge directed that the case be marked ready. The affidavit concludes with this statement: "Finally the case having

been moved for dismissal in my absence from the courtroom, it was necessary for me to again appear in court to the end that a proper decree be entered. * * *"

The judgment itself recites that at the May term of the court "the said cause came on for hearing on motion by the plaintiff to dismiss the action and was argued by counsel. On the 15th day of May, 1924, a decree of said court was filed and entered in favor of the defendant, by which it was adjudged that the complaint be dismissed with costs and that defendant be allowed a counsel fee of $1,500, the said order being hereto annexed."

[3] In the brief which counsel for the plaintiff submitted to this court at the argument, after referring to the refusal of the trial court to issue a commission to take the testimony of Lincke in Berlin, he states: "Obviously, the plaintiff could not then go to trial with any hope of success because he was not allowed the only way open to him to prove certain essential and formal matters which must be proved before the plaintiff can win. The plaintiff notified the court of this and said he could not continue, and then the court issued the final decree against the plaintiff and erroneously stated that the case came on and the plaintiff moved for a dismissal. The court put these words into the mouth of the plaintiff against the protest of the plaintiff. The plaintiff did no such thing. The plaintiff announced that he could not proceed with his case and the bill would have to be dismissed for this reason. He made no motion to dismiss and never consented to the dismissal."

The record shows that the judgment dismissing the complaint was rendered at the plaintiff's request. If that recital was erroneous, an application for a resettlement of the decree should have been made in the court below. No application having been made in that court for its correction, the recital on this appeal cannot be complained of. So far as this record shows, the complaint was dismissed on the plaintiff's motion, and the decree entered was in effect a decree by consent. And from such a decree the plaintiff cannot appeal. See Pacific Railroad v. Ketchum, 101 U. S. 289, 25 L. Ed. 932; United States v. Babbitt, 104 U. S. 767, 768, 26 L. Ed. 921; Hodgson v. Vroom (C. C. A.) 266 F. 267, 269. And we might have dismissed the case upon that single ground, but we have thought best to express our opinion on the errors assigned.

The order of April 25, 1924, which denied the plaintiff's motion for the issuance

of a commission to take the testimony of Paul Lincke, in Berlin, Germany, is affirmed.

That part of the final decree which dismissed the bill of complaint with costs is affirmed.

That part of the decree which allowed the defendant an attorney's fee in the sum of $1,500 is modified, and the court is directed to enter a decree allowing the defendant an attorney's fee in the sum of $500.