

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2007

# Huertas v. City of Camden

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1531

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Huertas v. City of Camden" (2007). *2007 Decisions.* Paper 589.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/589

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 07-1531 & 07-1643

———————

HECTOR L. HUERTAS, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED

v.

CITY OF CAMDEN; LUIS PASTORIZA, City of Camden Clerk; GWENDOLYN
FAISON, Mayor; ALI SLOAN-EL, City Councilman; CYRUS P. SAXON, Grants
Administrator; FRANK FULBROOK, Member City Democratic Committee

Hector L. Huertas,
Appellant

———————

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 05-cv-05375)
District Judge:  Honorable Jerome B. Simandle

———————

Submitted Under Third Circuit LAR 34.1(a)
August 10, 2007

Before:   FISHER, ALDISERT, and WEIS, <u>CIRCUIT JUDGES</u>.

(Filed: August 14, 2007)

———————

OPINION

———————

PER CURIAM

Hector L. Huertas appeals pro se from the final judgment of the District Court and several of its interlocutory orders. For the reasons that follow, we will affirm.[1]

I.

Huertas is an Hispanic individual registered to vote in Camden, New Jersey. In his Amended Complaint, he alleges that the city and certain city officials have sought to "dilute" the Hispanic vote in two ways. First, Huertas claims that Camden has adopted a majority-vote/runoff requirement that will have the effect of ensuring that African-American candidates dominate city elections. Second, he claims that the city has approved a residential redevelopment plan for its Cramer Hill section. According to Huertas, that section is primarily Hispanic, and the redevelopment might have the effect of displacing Hispanic voters from Camden. On the basis of these allegations, Huertas sought declaratory and injunctive relief under 42 U.S.C. §§ 1971, 1973, 1983 and 1988.

By order entered September 25, 2006, the District Court (1) granted defendants' motion to dismiss the Cramer Hill redevelopment claim for lack of standing, but allowed the runoff claim to proceed, and (2) denied three motions that Huertas had filed seeking to further amend his complaint. By order entered February 16, 2007, the District Court denied three of Huertas's motions pertaining solely to his remaining runoff

_____

[1] Huertas has filed a motion seeking to compel appellees to return the appendix that he served on them. Huertas has not cited any authority authorizing us to issue such an order, and we are aware of none. Accordingly, that motion is denied.

2

claim: (1) a motion for judgment on the pleadings; (2) a motion to strike defendants' affirmative defenses; and (3) a motion to preliminarily enjoin the city from using the procedure. Huertas filed a notice of appeal on February 20, 2007, from the February 16 order.

On February 26, 2007, a Magistrate Judge held a conference on Huertas's motion to compel discovery and recover costs as a discovery sanction. The Magistrate Judge ordered defendants to produce certain discovery, but denied the request for sanctions. Huertas then stated that he wanted to voluntarily dismiss the case with prejudice, provided that defendants not seek costs from him. Defendants' counsel conducted a colloquy on this issue, and the proceeding is transcribed. On February 28, 2007, the District Court entered an order dismissing the case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Huertas then filed a second notice of appeal, seeking to appeal that order as well as those discussed above. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

### A.    The District Court's Jurisdiction

Huertas argues that the District Court lacked jurisdiction because his claims should have been heard by a three-judge District Court panel, which Huertas requested in his second motion to further amend his complaint. According to Huertas, a three-judge panel was required by the Voting Rights Act, 42 U.S.C. § 1971(g). As the District Court correctly noted, however, Huertas's claims do not fall within either that provision or the

3

general three-judge panel provisions codified at 28 U.S.C. § 2284. Thus, the District Court was neither required nor authorized to convene a three-judge panel to rule on Huertas's claims. Cf. Page v. Bartels, 248 F.3d 175, 185 (3d Cir. 2001) (explaining that § 2284 specifies the situations in which a three-judge panel is required).

### B. The Voluntary Dismissal and the Orders of February 16 and 28

Huertas's voluntary dismissal raises another threshold question, this one regarding the scope of this appeal. "Generally, voluntary dismissals under Rule 41(a)(2) are not reviewable on appeal." Empire Volkswagen Inc. v. World-Wide Volkswagen Corp., 814 F.2d 90, 94 (2d Cir. 1987). See also United States v. Procter & Gamble Co., 356 U.S. 677, 680 (1958) (noting "the familiar rule that a plaintiff who has voluntarily dismissed his complaint may not sue out a writ of error"); United States v. Babbitt, 104 U.S. 767, 768 (1881) (explaining that rule is rooted in the doctrine of waiver) (cited in Procter & Gamble Co.). Huertas, however, challenges not merely the fact that his case was dismissed, but the allegedly-prejudicial process the District Court employed in dismissing it. We review that process for abuse of discretion, see Ferguson v. Eakle, 492 F.2d 26, 28-29 (3d Cir. 1974), and find none here.

According to Huertas, he requested that the dismissal be accomplished by written stipulation, but defendants' counsel and the District Court "ignored" this request by forcing a "colloquy procedure" on him. Huertas also argues that a stipulation was necessary to clarify that his voluntary dismissal was contingent on defendants not seeking costs against him. These arguments lack merit. Huertas expressly stated during the

4

hearing that he had "no objection" to the District Court entering an order of dismissal with prejudice on the basis of the colloquy without a separate stipulation. (Feb. 26, 2007 Trans. at 25:15-22.) Moreover, defendants' counsel expressly stated on the record that the city would not seek costs from Huertas. (Id. at 25:5-9.) Huertas thus has waived any challenge to this procedure, with which he has no real grievance to begin with.

Accordingly, the District Court did not abuse its discretion in entering the February 28 order. When Huertas requested the dismissal, his runoff claim was still pending, and none of the District Court's prior orders had effectively precluded that claim. Thus, Huertas has waived any further challenge to the dismissal of his runoff claim, including any challenge to the District Court's prior rulings on motions that related only to that claim. This means that Huertas has waived any challenge to the February 16 order.[2]

### C. The September 25 Order

That leaves the September 25 order, which dismissed Huertas's Cramer Hill redevelopment claim and denied his motions to further amend his complaint. Huertas's

---

[2] Huertas first sought to appeal this order on February 20, before there was a final decision of the District Court. At that time, the only potentially-appealable aspect of the order was its denial of his motion for a preliminary injunction. See 28 U.S.C. § 1292(a). Huertas's subsequent voluntary dismissal with prejudice of the claim on which that motion was based might be characterized as having rendered moot his appeal from the denial of that motion, because there is no longer any possibility that he can show a likelihood of success on the merits.

5

voluntary dismissal of his suit arguably waived any challenge to those rulings as well.[3]

Defendants, however, do not so argue, but instead address the challenge on the merits.

Potential waiver is not a jurisdictional impediment to review, and Huertas (though an experienced litigator) is proceeding pro se. Thus, we have given him the benefit of the doubt and have reviewed his challenge to the September 25 order on the merits.[4]

Having done so, we agree with the District Court that Huertas lacks standing to bring this claim. Huertas is not a resident of Cramer Hill and does not argue that the proposed plan would affect him directly. Instead, his claim is that the proposed plan, if approved and implemented, might displace some indeterminate number of Hispanics from the city, and thus might have the effect of diluting the Hispanic vote. We agree with the District Court that this claim is purely speculative and that Huertas's alleged injury is thus too attenuated to confer Article III standing. See Taliaferro v.

---

[3] Most Courts of Appeals have concluded that a voluntary dismissal with prejudice can be used as a vehicle to obtain immediate review of certain interlocutory orders. See, e.g., Trevino-Barton v. Pittsburgh Nat'l Bank, 919 F.2d 874, 878 (3d Cir. 1990). Here, however, Huertas never stated during the colloquy that he was dismissing his case to obtain immediate review of any prior ruling. Cf. Laczy v. Ross Adhesives, 855 F.2d 351, 354 (6th Cir. 1988) ("[O]ne who seeks to come within an exception to this rule [of non-appealability after a voluntary dismissal] should make his or her intentions known to the court and opposing parties."). Instead, he now argues that he dismissed his case for financial reasons and because he "felt defeated" by the Magistrate Judge's denial of his motion for sanctions. (Appellant's Br. at 8, 24, 39.)

[4] We exercise plenary review over the District Court's dismissal of Huertas's claim for lack of standing, see Leuthner v. Blue Cross & Blue Shield of Ne. Pa., 454 F.3d 120, 124 (3d Cir. 2006), and review its denial of his motions to amend for abuse of discretion, see Garvin v. City of Phila., 354 F.3d 215, 219 (3d Cir. 2003).

Darby Twp. Zoning Bd., 458 F.3d 181, 188, 191 (3d Cir. 2006) (explaining that standing requires, inter alia, an injury that is "actual or imminent, not conjectural or hypothetical," and affirming dismissal of similar vote dilution claim).[5]

As for Huertas's three motions to further amend his complaint, such motions may be denied if the proposed amendment would be futile (i.e., legally insufficient). See Garvin, 354 F.3d at 222. We agree with the District Court that such is the case here. Huertas's first and third motions sought to add certain allegations regarding the redevelopment plan, and to name as defendants certain private parties involved in that plan. We agree that these proposed amendments are insufficient to confer standing. Huertas's second motion requested a three-judge panel, which, as explained above, was neither authorized nor required under these circumstances.

For these reasons, we will affirm the District Court's orders.

---

[5] We also note, as did the District Court, that this claim may be moot. Defendants have represented that the New Jersey Superior Court disapproved the Cramer Hill re-development plan and that they have withdrawn it and abandoned their appeal. Huertas himself attached various newspaper articles reporting those events to documents he filed in the District Court.