# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3274

_____

Killer Joe Nevada, LLC

*Plaintiff - Appellee*

v.

Does 1-20

*Defendant*

Leigh Leaverton

*Defendant - Appellant*

Nicholas Anderson; Brittany Bolan; Richard Brother; Jason Fills

*Defendant*s

------------------------------

Leigh Leaverton

*Counter Claimant - Appellant*

v.

Killer Joe Nevada

*Counter Defendant - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: September 21, 2015
Filed: December 4, 2015

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Killer Joe Nevada, LLC sued Leigh Leaverton for infringement under the Copyright Act. Leaverton counterclaimed for a declaratory judgment. Killer Joe Nevada moved to voluntarily dismiss its suit. Leaverton objected unless the district court[1] awarded her attorney's fees. The court dismissed the suit, dismissed the counterclaim as moot, and denied Leaverton's requests for attorney's fees and to make a record. Leaverton appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Killer Joe Nevada owns the copyright to the 2012 motion picture "Killer Joe." Killer Joe Nevada sued several "John Doe" defendants for copyright infringement, alleging each downloaded the film through a BitTorrent computer program.[2] In its

_____

[1] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

[2] "Simplified, BitTorrent and similar protocols break a large file into pieces while tagging each piece with a common identifier. Where in the normal course a user would download a file from a single source, and download it sequentially from

-2-

complaint, Killer Joe Nevada identified each defendant only by Internet Protocol (IP) address. Killer Joe Nevada subpoenaed the respective Internet service providers (ISPs) to disclose the subscriber at each IP address. After Leaverton was identified, Killer Joe Nevada amended to make her a defendant. Leaverton answered, denied the allegations, and counterclaimed for a declaratory judgment that she had not infringed Killer Joe Nevada's copyright.

After Leaverton denied downloading the film, Killer Joe Nevada moved to voluntarily dismiss its complaint with prejudice and to dismiss Leaverton's counterclaim as moot. Leaverton opposed the voluntary dismissal unless it included attorney's fees. Specifically, she argued that attorney's fees would deter Killer Joe Nevada and other plaintiffs from suing an IP-identified subscriber without investigating whether the subscriber herself had infringed the copyright. The district court granted Killer Joe Nevada's motion to voluntarily dismiss its complaint, dismissed Leaverton's counterclaim as moot, and denied the request for attorney's fees. Leaverton appeals.

II.

In a copyright action, a district court "in its discretion may . . . award a reasonable attorney's fee to the prevailing party." **17 U.S.C. § 505**. This court reviews a denial of fees only for abuse of discretion. *See **Toro Co. v. R&R Prods. Co.***, 787 F.2d 1208, 1210 n.1 (8th Cir. 1986). A district court abuses its discretion "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; [or] when all proper factors, and no improper ones, are considered, but the

beginning to end, with the BitTorrent peer-to-peer protocol, users join forces to simultaneously download and upload pieces of the file from and to each other." ***AF Holdings, LLC v. Does 1-1058***, 752 F.3d 990, 998 (D.C. Cir. 2014).

court, in weighing those factors, commits a clear error of judgment." *Fair Isaac Corp. v. Experian Info. Solutions, Inc.*, 650 F.3d 1139, 1152 (8th Cir. 2011). Factual findings about fees bind this court unless clearly erroneous; review of legal principles is plenary. *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 122 (8th Cir. 1987).

Leaverton asserts an abuse of discretion in declining to award attorney's fees. The parties agree she is a prevailing party. Attorney's fees, however, are not awarded to the prevailing party automatically or as a matter of course. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) (noting no presumption for fee awards in Copyright Act claims). Awarding attorney's fees to a prevailing party "is a matter for the district court's 'equitable discretion,' to be exercised in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1014 (8th Cir. 2006), *citing Fogerty*, 510 U.S. at 534, 534 n.19.

A claim for attorney's fees must be made by motion. *See* **Fed. R. Civ. P. 54(d)(2)(A)** ("A claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial . . . ."). Leaverton requested attorney's fees not by motion, but in her opposition to Killer Joe Nevada's motion to voluntarily dismiss its complaint. The district court analyzed Leaverton's request as if it were a motion for attorney's fees. *See Lowry ex rel. Crow v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 763 (8th Cir. 2008) ("Our case law indicates that we may assume that the district court implicitly ruled to allow the application [for fees] to be treated as a motion . . . ."). This court treats Leaverton's request as a motion for attorney's fees.

Leaverton asserts an abuse of discretion in several ways. First, she argues that the district court erroneously ruled it was reasonable and not frivolous for Killer Joe

Nevada to sue the subscriber for the IP address. Leaverton believes it is unreasonable for a Copyright Act plaintiff to sue the subscriber without first investigating whether the subscriber was responsible for the infringement.

Although this court has not reached that precise question, a plaintiff such as Killer Joe Nevada *may* properly sue "John Doe" to ascertain the ISP subscriber. *See In re Charter Commc'ns Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 774, 775 n.3 (8th Cir. 2005) ("Only the ISP . . . can link a particular IP address with an individual's name and physical address"; plaintiffs can seek "third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant" from ISP). Leaverton cites no binding authority that a Copyright Act suit based on the infringer's IP address is frivolous or unreasonable. The district court thus did not abuse its discretion by concluding that Killer Joe Nevada's acts were reasonable. *See Hartman*, 833 F.2d at 123 (affirming denial of attorney's fees to prevailing defendant when "complaint was colorable and not baseless").

Leaverton argues that the district court abused its discretion in determining that Killer Joe Nevada did not have improper motivations in bringing the lawsuit. The district court found that, because Killer Joe Nevada promptly dismissed its lawsuit once it learned Leaverton was not the infringer, Killer Joe Nevada had proper motives to sue the subscriber. The district court's finding that Killer Joe Nevada lacked improper motivation was not an abuse of discretion. *See generally O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987) (finding, under Rule 11, that district court's "determination that the plaintiffs' conduct was justified rests upon and is informed by the District Court's intimate familiarity with the case, parties, and counsel, a familiarity [this court] cannot have" and is entitled to "substantial deference from a reviewing court").

Leaverton argues that the district court abused its discretion by failing to consider her financial status. She cites no authority that a party's financial status

affects whether attorney's fees under § 505 should be awarded. It was not an abuse of discretion for the district court to fail explicitly to consider the factor of financial status.

Citing *Marks v. Leo Feist, Inc.*, 8 F.2d 460, 461 (2d Cir. 1925), Leaverton argues that a district court should consider "the importance of the questions in litigation" when ruling on attorney's fees under § 505. This court, however, has never cited *Marks* for that proposition, and *Marks* long predates this court's announcement of the factors for attorney's fees under § 505. *See Action Tapes*, 462 F.3d at 1014. The district court properly considered those factors and did not abuse its discretion by failing explicitly to consider the importance of the controlling legal question.

Leaverton argues that the court abused its discretion in weighing the relevant factors. Even if "a different court might have weighed the factors in this case differently," that does not render the district court's decision an abuse of discretion. *Pearson Educ., Inc. v. Almgren*, 685 F.3d 691, 696 (8th Cir. 2012). The district court committed no "clear error of judgment" in weighing the factors. *See Fair Isaac*, 650 F.3d at 1152.

The district court did not abuse its discretion in denying Leaverton's request for attorney's fees.

## III.

According to Leaverton, the district court erred in denying her the opportunity to make a record on her request for attorney's fees. Under Rule 54, the district court "must, on a party's request, give an opportunity for adversary submissions on the motion [for attorney's fees] in accordance with Rule 43(c) or 78." **Fed. R. Civ. P. 54(d)(2)(C)**. Rule 54 does not require an oral hearing. *See* **Fed. R. Civ. P. 78(b)**

("[T]he court may provide for submitting and determining motions on briefs, without oral hearings."); **Fed. R. Civ. P. 43(c)** ("[T]he court may hear the matter on affidavits or may hear it wholly or partly on oral testimony . . . ."). The district court considered the parties' submissions on the attorney's fee issue. "Nothing more was required by Rule 54." *Miller v. Dugan*, 764 F.3d 826, 830 (8th Cir. 2014). Because Leaverton had an opportunity to make a record, the district court did not abuse its discretion.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____