# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3458
_____

Designworks Homes, Inc., a Missouri corporation; Charles Lawrence James

*Plaintiffs - Appellants*

v.

Thomson Sailors Homes, L.L.C., a Kansas L.L.C.; Thomson Homes, L.L.C.;
Donald Sailors; Edward B. Thomson, III; Team 3 Architects, Inc.; Bruce H.
Beatty; Bobby Sailors; Eric Bradley Thomson; Elswood Smith Carlson, P.A.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 15, 2021
Filed: August 19, 2021
_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

Designworks Homes, Inc., thinks that a group of architects and other builders copied one of its home designs.  It also believes that, even if there was no copyright

violation, it should not have to reimburse the alleged infringers for their attorney fees and costs. The district court[1] disagreed on both points, and so do we.

## I.

Charles James built a house on Melrose Drive in Columbia, Missouri. The house, just like two others built in the area, has a two-story "triangular atrium design with stairs as part of the main room." Many years later, Designworks registered the design as a copyrighted architectural work.

Another firm, Thomson Sailors Homes, L.L.C., also used a triangular-atrium design in what it called the Newbury Model. Designworks believes that everyone involved in the design and promotion of the Newbury Model, including those who displayed it in brochures, infringed on its copyright. *See* 17 U.S.C. § 102(a)(8) (extending copyright protection to "architectural works").

At summary judgment, the district court did not see things the same way. It concluded that the Newbury Model was not a copy of the original Melrose home. It also decided to award over $400,000 in attorney fees and costs to Thomson Sailors and the other defendants. *See id.* § 505. The reason: Designworks' "litigating position was unreasonable and . . . [its] pursuit of the case was, at best, frivolous in nature and, at worst, done in bad faith."

## II.

We review the district court's decision to grant summary judgment de novo. *See Warner Bros. Ent., Inc. v. X One X Prods.*, 644 F.3d 584, 591 (8th Cir. 2011). Summary judgment was appropriate "if the evidence, viewed in the light most

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

-2-

favorable to [Designworks], demonstrates that there is no genuine issue of material fact and that [Thomson Sailors was] entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

To prevail on its copyright claims, Designworks had to prove that Thomson Sailors copied its design. *See Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 964 (8th Cir. 2005). It had no direct evidence, so it attempted to make its case indirectly by showing that Thomson Sailors had access to the Melrose house and then designed and built "substantially similar" homes. *Id.* at 966–67.

Substantial similarity incorporates two concepts. First, there must be similarity of ideas, which must be "evaluated extrinsically, focusing on [the] objective similarities . . . of the works." *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 731 (8th Cir. 2006). Second, if the ideas are similar, they must be similarly expressed, meaning that an "ordinary, reasonable person" would think that "the total concept and feel of the [designs] in question are substantially similar."[2] *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120–21 (8th Cir. 1987) (referring to this as "the intrinsic test"). Without similarity in ideas *and* expression, there is no infringement. *See id.* at 120.

After "compar[ing] [the] works," *id.* (second alteration in original) (quoting *O'Neill v. Dell Publ'g Co.*, 630 F.2d 685, 690 (1st Cir. 1980)), we agree with the district court that substantial similarity in expression is missing here. The Melrose house, which was built first, has a roughly rectangular floorplan, except for a large diamond-shaped great room. *See Appendix*. The corners of the great room intersect the rear wall and, as the floor plan of the home shows, half of the diamond extends

---

[2]Even if the district court misstated the standard for evaluating similarity, as Designworks argues, "[we] may [still] affirm." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 1002 (8th Cir. 2011). The reason, of course, is that our review of a grant of summary judgment is de novo.

from the back of the house in the form of an isosceles right triangle with 20-foot legs. *Id.* Along the wall forming the far-left side of the diamond is a stairway leading down to a similarly shaped room on the lower level. *Id.* The stairway, which is open and has large windows above it, is what creates the "triangular atrium." *Id.*

The Newbury Model also has a two-story "triangular atrium" consisting of large windows and stairs, but the similarities end there. *Id.* The walls forming the legs of the triangle on the Newbury Model, for example, are roughly 10 feet long, not 20. *Id.* It has two flights of stairs, not just one, with a landing at the triangle's point, rather than having the stairs run along a single wall like they do in the Melrose house. *Id.* The adjoining room is also rectangular and oriented in line with the other rooms, not a diamond with sides at a 45° angle to them. *Id.* So even if one feature of both designs is a triangular atrium, there are plenty of differences, from the size of the atriums themselves to how they are integrated with the rest of the house, with each having rooms and stairways of differing shapes, sizes, and orientations.

To an "ordinary, reasonable person" viewing both designs, "the total concept and feel of the" homes would not appear "substantially similar." *Hartman*, 833 F.2d at 120–21; *see also Taylor Corp.*, 403 F.3d at 966 (explaining that the focus should be on "the work[] taken as a whole"). In summary-judgment terms, our conclusion is the same as the district court's: "the works are so *dissimilar* that 'reasonable minds could not differ as to the absence of substantial similarity in expression.'" *Hartman*, 833 F.2d at 120 (emphasis added) (quoting *Litchfield v. Spielberg*, 736 F.2d 1352, 1355–56 (9th Cir. 1984)).

## III.

After granting summary judgment, the district court had the discretion to order Designworks to pay Thomson Sailors's "full costs," including "a reasonable attorney's fee." 17 U.S.C. § 505. In deciding whether to make an award, the court had to "giv[e] substantial weight to the reasonableness of [Designworks'] litigating

position [and] . . . tak[e] into account all other relevant factors," *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016), including "frivolousness, motivation, . . . compensation[,] and deterrence," *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294 (8th Cir. 1996) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

Many of these factors played a prominent role in the district court's decision to award fees and costs to Thomson Sailors and the other defendants. The court's order emphasized how unreasonable Designworks' litigating position had been, from completely failing to address the "significant objective differences" between the designs to producing nothing more than speculative evidence that anyone associated with Thomson Sailors had accessed the Melrose house. The court even wondered whether Designworks' goal all along was to run up Thomson Sailors's costs and then extract a large settlement. Designworks may well disagree with these inferences and how the court weighed the relevant factors, but we cannot say that its decision to award fees and costs was an abuse of discretion.[3] *See Killer Joe Nev., LLC v. Doe*, 807 F.3d 908, 912–13 (8th Cir. 2015).

To be sure, the district court was wrong to say that attorney fees "are the rule rather than the exception and *should* be awarded routinely" in cases like this one. (Emphasis added) (quoting *Little Mole Music v. Spike Inv., Inc.*, 720 F. Supp. 751, 757 (W.D. Mo. 1989)). The Copyright Act itself makes clear that the decision lies within the court's discretion, and an approach that awarded fees "automatic[ally]" or by default "would pretermit the exercise of that discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994).

---

[3]Designworks may not challenge the size of the award for the first time on appeal. It did not object to *any* of the specific items in Thomson Sailors's request before, so it cannot do so now. *See Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins.*, 536 F.3d 939, 947 (8th Cir. 2008).

Despite the misstatement, we are convinced that the district court knew it had discretion and exercised it properly. After all, it identified the relevant factors and then explained why they weighed in favor of an award. There is nothing to suggest, in other words, that it gave "significant weight" to an "improper factor." *Killer Joe*, 807 F.3d at 911 (quotation marks omitted).

IV.

We accordingly affirm the judgment of the district court.

APPENDIX.

Melrose house floor plan:



R. Doc. 133-15, at 8 (cropped and rotated).

Newbury Model floor plan:



R. Doc. 133-9, at 4 (cropped and rotated).

_____