# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-2245

_____

Lime Lounge, LLC; Cornelius Qualley; George Thomas Qualley, IV

*Plaintiffs - Appellants*

v.

City of Des Moines, Iowa; Suann Donovan; Paul Parizek; Kelly Stuhr; Dana Wingert; Joe Gatto; Lori Neely

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 12, 2022
Filed: March 15, 2022
[Unpublished]

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Zoning violations and noise complaints landed Lime Lounge in trouble with the City of Des Moines. Unhappy with the City's response, Lime Lounge filed a 19-

count kitchen-sink complaint. The district court[1] dismissed the case in its entirety at summary judgment. Reviewing the decision de novo, we affirm. *See Designworks Homes, Inc. v. Thomson Sailors Homes, L.L.C.*, 9 F.4th 961, 963 (8th Cir. 2021).

Generally speaking, Lime Lounge's claims fall into four categories. The first includes several claims brought against municipal defendants for actions taken four years before Lime Lounge filed its complaint. A two-year statute of limitations applies, so they were filed too late. *See* Iowa Code § 670.5 ("[A] person who claims damages from any municipality or any officer, employee or agent of a municipality . . . under common law shall commence an action therefor within two years after the alleged wrongful death, loss, or injury.").

In the second group are claims that are not actionable in Iowa. The City sent a letter designating Lime Lounge as a "Specified Crime Property," which the bar says negligently interfered with its lease and rose to the level of malicious prosecution. Neither theory works under Iowa law. *See* Iowa Code § 364.22(13) ("The issuance of a civil citation for a municipal infraction . . . do[es] not provide an action for . . . malicious prosecution."); *Anderson Plasterers v. Meinecke*, 543 N.W.2d 612, 613 (Iowa 1996) (holding that "[t]here has been no general recognition of any liability for a negligent interference [with contract]" (quoting Restatement (Second) of Torts § 766C cmt. a (1979))).

Then there are the claims that Lime Lounge inadequately briefed on appeal. Four are referenced only in passing: intentional interference with contract, interference with a prospective business relationship, abuse of process, and libel. And several others—defamation, malicious prosecution, and an alleged violation of 42 U.S.C. § 1983—received a bit more attention, but nothing in the way of

---

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

meaningful argument. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004). Each has been "waived" on appeal. *Id.*

The final group consists of claims that have no chance of succeeding on the merits. One is a defamation claim arising out of a police spokesperson's decision to call Lime Lounge one of the top three "problem bars" in Des Moines, but his statement was "substantially true." *Behr v. Meredith Corp.*, 414 N.W.2d 339, 342 (Iowa 1987) (recognizing "substantial truth" as a defense in a defamation action). The same goes for a libel claim connected to the zoning board's decision to list the renewal of Lime Lounge's liquor license on its agenda. *See Vojak v. Jensen*, 161 N.W.2d 100, 108 (Iowa 1968) ("Truth . . . is a complete defense to a charge of libel."). Finally, the negligent-supervision and civil-conspiracy claims fail for the simple reason that no city employee engaged in tortious conduct. *See Schoff v. Combined Ins. Co. of Am.*, 604 N.W.2d 43, 53 (Iowa 1999) ("[T]he torts of negligent hiring, supervision, or training must include as an element an underlying tort or wrongful act committed by the employee." (quotation marks omitted)); *Basic Chemicals, Inc. v. Benson*, 251 N.W.2d 220, 233 (Iowa 1977) ("Civil conspiracy is not in itself actionable; rather it is the acts causing injury undertaken in furtherance of the conspiracy which give rise to the action.").

With no viable claims left, we affirm the judgment of the district court.

_____