# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3181

_____

Designworks Homes, Inc.; Charles Lawrence James

*Plaintiffs - Appellants*

v.

Columbia House of Brokers Realty, Inc., doing business as House of Brokers, Inc.,
doing business as Jackie Bulgin & Associates; Shannon L. O'Brien; Nicole
Waldschlager; Deborah Ann Fisher; John Doe I; Jacqueline Bulgin, doing business
as Jackie Bulgin; Carol S. Denninghoff

*Defendants - Appellees*

_____

No. 24-3182

_____

Designworks Homes, Inc.; Charles Lawrence James

*Plaintiffs - Appellants*

v.

Susan Horak, doing business as The Susan Horak Group Re/Max Boone Realty;
Boone Group, Ltd., doing business as Re/Max Boone Realty

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: December 16, 2025
Filed: April 2, 2026
[Unpublished]
_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Designworks Homes, Inc. and its sole shareholder Charles Lawrence James (collectively, "Designworks") commenced these actions claiming real estate agents infringed on its copyrights by including floorplans of its homes in resale listings. This Court affirmed the grant of summary judgment in favor of the real estate agents and associated defendants. Designworks Homes, Inc. v. Columbia House of Brokers Realty, Inc., 126 F.4th 589 (8th Cir. 2025), cert. denied, Designworks Homes, Inc. v. Columbia House of Brokers Realty, Inc., No. 25-235, 2025 WL 2949582 (U.S. Oct. 20, 2025). Designworks now appeals the district court's[1] award of attorney's fees and costs. We affirm.

In a copyright action, the district court "in its discretion may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. We review an award of attorney's fees for abuse of discretion. Killer Joe Nev., LLC v. Does 1-20, 807 F.3d 908, 911 (8th Cir. 2015). Designworks contends the district court abused its discretion in four ways: (1) by failing to consider the purpose of the Copyright Act and the potential chilling effect a fee award would have on future copyright litigation; (2) by improperly weighing the relevant factors for awarding attorney's fees under § 505; (3) by awarding attorney's fees without considering Designworks's financial status and ability to pay; and (4) by failing to address all of its line-item objections to the billing records. Designworks's contentions are not supported by the record.

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

As to the first claim, the district court began its analysis by noting fee awards under § 505 should encourage the types of lawsuits that promote the purposes of the Copyright Act.  After analyzing the statute's fee shifting factors, the court explained that "unnecessarily overbroad infringement claims" do not serve the purpose of the Copyright Act and Designworks's "litigation strategy gives rise to circumstances suggesting a need for deterrence."  The district court did not ignore the Copyright Act's purpose.  In addition, contrary to Designworks's assertion, this Court has not required district courts to consider potential chilling effects of fee shifting in every case.  As the Supreme Court recognized in Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994), § 505 confers broad discretion on the district courts to award attorney's fees based on the circumstances of a case.  On the facts before us, we find no abuse of discretion in the district court's failure to consider potential chilling effects that might result from its fees award.

Designworks next contends the district court abused its discretion in weighing the Fogerty factors.  510 U.S. at 534 n. 19 (listing non-exclusive factors, including frivolousness, motivation, objective unreasonableness, and deterrence).  When reviewing the district court's application of the Fogerty factors, we will not substitute our judgment for that of the district court.  See Killer Joe, 807 F.3d at 912-13 (stating district court's weighing of the Fogerty factors is not an abuse of discretion even if we would weigh the factors differently).  We will only find an abuse of discretion "if the district court rests its conclusion on clearly erroneous factual findings or if its decision relies on erroneous legal conclusions."  EEOC v. CRST Van Expedited, Inc., 944 F.3d 750, 755 (8th Cir. 2019).

While recognizing Designworks's claims had some factual and legal merit, the district court highlighted the overbroad nature of the claims and explained that a narrower case would have better advanced the goals of clarifying the scope of fair use relating to architectural works and marketing real estate.  The district court also noted that Designworks filed two separate actions based on essentially the same facts, did not support many of its claims with evidence, and made "inchoate" arguments.  Given the breadth of Designworks's claims, the filing of separate

-3-

actions, and the lack of evidentiary support for many of the claims, we cannot say the district court abused its discretion in finding the frivolousness and motivation factors weighed in favor of fee shifting, or due to the mix of plausible and unsupported claims, the objective reasonableness factor had a neutral effect.

Designworks also contends the deterrence and compensation factor should have weighed in its favor because the National Association of Realtors provided funding for the litigation. Designworks does not cite any authority for this proposition. Likewise, Designworks cites no authority from this Circuit for its claim that a court must consider a party's financial status as part of its § 505 analysis. This Court has previously affirmed an attorney's fees award entered without regard to a party's ability to pay. See Killer Joe, 807 F.3d at 912. The district court did not abuse its discretion when it did not explicitly consider Designworks's ability to pay.

Lastly, Designworks contends the district court erred by not resolving its objections to billing entries. This Court has not required district courts to perform a line-by-line analysis of voluminous billing records because they are in the best position to determine the hours, whether in total or by category, are reasonable given its familiarity with the case. Jet Midwest Int'l Co., Ltd., v. Jet Midwest Grp., LLC, 93 F.4th 408, 420 n. 6 (8th Cir. 2024). Here, the district court performed a lodestar analysis to calculate a reasonable hourly rate and number of hours expended. It then awarded a reasonable amount of attorney's fees based on its knowledge of the case and its review of the billing records. We can find no abuse of discretion in its analysis or calculation.

In sum, Designworks has not shown the district court made a clearly erroneous factual finding or that its decision relied on an erroneous legal conclusion. We affirm the award of $153,302.50 in attorney's fees to the Columbia House defendants and $82,626.75 in attorney's fees to the Susan Horak defendants.

Finally, Designworks challenges the taxation of research and retrieval costs paid to a third-party service to obtain deposit materials from the United States

Copyright Office. The district court determined these costs were taxable as exemplification under 28 U.S.C. § 1920(4) or, in the alternative, recoverable as a discretionary component of attorney's fees under 17 U.S.C. § 505. We need not resolve whether this type of research and retrieval cost is taxable under § 1920(4) because the district court is vested with discretion to award these costs under § 505 as a component of attorney's fees. See, e.g., Hernandez v. Bridgestone Americas Tire Operations, LLC, 831 F.3d 940, 950 (8th Cir. 2016) (district courts have discretion to award research costs as a component of attorney's fees under a fee-shifting statute); InvesSys, Inc. v. McGraw-Hill Cos., Ltd., 369 F.3d 16, 22-23 (1st Cir. 2004) (legal research costs paid to third parties are recoverable as a component of attorney's fees under § 505).

We affirm the judgment of the district court.

_____